THE STATE OF OHIO, APPELLEE, *v.* STAUFFER, APPELLANT.

(No. 76-1—Decided November 10, 1976.)

*Mr. Richard P. Taylor,* city prosecutor, for appellee.
*Mr. Thomas L. Cornn,* for appellant.

*Per Curiam.* Crim R. 23(A) provides, in relevant part:
"In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto."

Appellant was charged with a violation of R. C. 4511.-19. Under Crim. R. 2, this is a petty offense; it is a first degree misdemeanor carrying the potential penalty of a $1,000 fine and imprisonment for six months under R. C. 2929.21. In such a case, a jury trial demand made pursuant to Crim. R. 23(A) must be made in writing not less than ten days prior to the date set for trial, or on or before the

third day after receipt of notice of the date set for trial, whichever is later.

On the facts of the instant case, appellant was aware of the jury demand rule and his counsel enjoyed one day in which to file the demand under Crim. R. 23(A). The case at bar does not present the dilemma which would be faced by counsel who is not appointed until after the deadline set forth in Crim. R. 23(A), nor by a defendant whose background rendered him unable to comprehend the written information supplied him regarding his right to a jury trial.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, STILLMAN and CELEBREZZE, JJ., concur.

CORRIGAN, W. BROWN and P. BROWN, JJ., dissent.

STILLMAN, J., of the Eighth Appellate District, sitting for STERN, J.

PAUL W. BROWN, J., dissenting. The requirement of Crim. R. 23 is that the jury demand "must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later."

Both the reason for the demand requirement and the basic importance of the right of trial by jury in our system compel a conclusion that the "date set for trial," as used in the rule, means three days before the date set for the actual trial without regard to the number of continuances granted or the reasons therefor.

This conclusion makes it unnecessary to consider the effect which the date of appointment of counsel might have on the deadline in the rule.

CORRIGAN and W. BROWN, JJ., concur in the foregoing dissenting opinion.