JOHN RAY CARRELL, Appellant, v. JUSTICE'S COURT OF RENO TOWNSHIP, IN AND FOR THE COUNTY OF WASHOE, THE HONORABLE RICHARD C. MINOR, a Justice of the Peace of Reno Township, Respondents.

No. 13472

May 26, 1983                                    663 P.2d 697

*David G. Parraguirre,* Public Defender, and *John C. Morrow,* Deputy Public Defender, Washoe County, for Appellant.

*Brian D. McKay,* Attorney General, Carson City; *Mills Lane,* District Attorney, and *Mary E. Boetsch* and *Michael L. Mahaffey,* Deputy District Attorneys, Washoe County, for Respondents.

## OPINION

*Per Curiam:*

On February 24, 1981, appellant was arraigned in the Reno Township Justice's Court on a criminal complaint charging him with four misdemeanor traffic offenses, including driving while under the influence of alcohol. The court initially set a trial date of April 17, 1981. On the day of trial appellant requested a continuance to allow his newly-obtained counsel additional time to prepare for trial. The justice of the peace granted the continuance and reset the trial for June 11, 1981.

On May 15, 1981, appellant filed a written demand for a jury trial, the first such demand made in the proceedings. The justice of the peace denied the demand as untimely, based on his interpretation of NRS 175.011(2), which provides that in a justice's court "a case shall be tried by jury only if the defendant so demands in writing not less than 5 days *prior to trial.*" (Emphasis added.) The justice of the peace interpreted the statute to require that the demand be filed within five days of the initial trial date, not the date to which the trial was continued.

Appellant petitioned the district court for a writ of mandamus to compel the justice's court to grant him a jury trial, contending that the justice of the peace misconstrued the statute, and had a mandatory duty to provide him with a jury trial since his demand was filed more than five days before the actual date of trial. The district court denied the petition, and this appeal ensued. The district court stayed all justice's court proceedings pending the outcome of this appeal.

Appellant argues that the "prior to trial" language of NRS 175.011(2) refers to the actual date of trial; respondent argues that it refers to the initial date trial is set. Neither party has presented us with significantly persuasive authority. We are thus called upon to construe the statute in the more reasonable manner, consistent with the intent of the legislature and in light of public policy. We believe that the more reasonable interpretation of the statute is respondent's, and that in light of the obvious public policy in favor of the orderly processing of misdemeanor trials through justice's courts, the legislature intended that jury trials be demanded at the earliest possible time under the language of the statute. Thus, we conclude that NRS 175.011(2) requires that a demand for jury trial be filed not less than five days prior to the date trial is initially set.

Since appellant did not file a timely demand, the justice of the peace was justified in denying him a jury trial. A statutory, non-constitutional right to a trial by jury is waived by the failure to make a timely demand as required by a statute or rule. *See* State v. Nielsen, 260 N.W.2d 321 (Neb. 1977), *overruled on other, unrelated grounds,* State v. Gerber, 291 N.W.2d 403 (Neb. 1980).

The justice's court correctly construed the statute, and the district court correctly denied the petition. The order denying mandamus is affirmed.[1]

---

[1] We need not decide the procedural question of whether mandamus was an appropriate remedy in this case, in light of the remedy at law of appeal to the district court from any judgment of conviction, because the petition was without merit in any event.