VILLAGE OF CHARDON, APPELLEE, *v.* MOYER, APPELLANT.

(No. 1239—Decided August 25, 1986.)

*A. M. Psenicka,* police prosecutor, for appellee.

*Emanuel H. McGregor* and *William Collier,* for appellant.

FORD, J. Defendant-appellant, Maurice C. Moyer, appeals the judgment of the Chardon Municipal Court convicting him of theft in violation of Chardon Village Ordinance 545.05(a)(1).

On November 30, 1984, a complaint was filed in Chardon Municipal Court charging appellant with the

theft of a Hustler magazine from the Convenient Food Mart, Chardon, Ohio. On December 10, 1984, a written plea of "not guilty" was entered on behalf of appellant. At his initial appearance on January 17, 1985, and after being informed of his rights, appellant withdrew his previous plea of "not guilty" and entered a plea of "no contest." Appellant was ordered to undergo psychiatric evaluation by the trial court. The matter came for sentencing on March 5, 1985, at which time appellant moved to withdraw his plea of "no contest" and re-enter his earlier plea of "not guilty." At the same time, appellant filed a written request for a jury trial. While the trial court granted appellant's motion to change his plea, appellant's request for a jury trial was denied.

A bench trial commenced on March 7, 1985. Appellant was found guilty of theft, sentenced to thirty days in the Geauga County Safety Center, and fined $500. The trial court suspended the jail sentence, placing appellant on conditional probation for a period of three years.

Appellant presents the following assignments of error:

"1. The trial court erred to the prejudice of defendant Maurice Moyer when it denied his demand for a jury trial.

"2. The trial court abused its discretion by setting a trial date only 48 hours after defendant changed his plea and denying his jury request.

"3. The judgment of the court finding the defendant guilty of petty theft in violation of Chardon Village Ordinance 545.05(a)(1) is against the manifest weight of the evidence and is contrary to law."

Because the first and second assignments of error involve the same consideration, they will be treated in a consolidated fashion. Based on the following analysis, we find that both of these assignments are with merit.

Crim. R. 23(A) provides, in pertinent part, that:

"* * * In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. * * *"

Crim. R. 11(B)(2) is also relevant to this analysis. This rule provides that a plea of "no contest" constitutes a waiver of the right to jury trial.

Applying the foregoing rules to the facts in the present action, appellant initially pleaded "not guilty" and was notified on January 3, 1985 that trial was set for January 31, 1985. Accordingly, under Crim. R. 23(A), appellant could have demanded a jury trial not later than January 21, 1985, *i.e.,* ten days before trial, and such demand would have been timely made. However, appellant changed his plea to "no contest" on January 17, 1985 and, by virtue of Crim. R. 11(B)(2), appellant waived his right to a jury trial. Thereafter, on March 5, 1985, appellant changed his plea to "not guilty" and filed a written request for a jury trial. The trial court denied such request, concluding that appellant had waived his right to a jury trial on January 17, 1985, when appellant changed his plea of "not guilty" to "no contest," and, as such, his request was untimely.

Our analysis of the matter leads us to the conclusion that the trial court should have granted appellant's request. Under Crim. R. 11, a plea of "not guilty" entitles the defendant to a jury trial. Correspondingly, Crim. R. 23(A) provides that a defendant may demand a jury trial in writing, which is

filed not less than ten days prior to the date set for trial or on or before the third day following receipt of notice of the trial date.

In our view, a thorough and comprehensive analysis of Crim. R. 11(B)(2) and (3), 23(A), and 32.1, results in the determination that a plea in a criminal case triggers the application and observation of fundamental rights which should inure to the benefit of an accused party. We further adhere to the postulate that such fundamental rights are not waived under these circumstances in the absence of a showing of an express waiver. *Garfield Heights* v. *Brewer* (1984), 17 Ohio App. 3d 216, at 217, 17 OBR 458, at 459, 479 N.E. 2d 309, at 311. See, also, *State* v. *Haag* (1976), 49 Ohio App. 2d 268, at 271, 3 O.O. 3d 301, at 303, 360 N.E. 2d 756, at 759.

In order for Crim. R. 23(A) to have substantive meaning under the facts of this case, the trial court cannot set the matter for jury trial before three days following the vacation of a plea. The underlying rationale for such inhibition is clear, because to do so would inappropriately intrude on the time period specifically granted to a defendant in which he has the express right to demand a jury trial "following receipt of notice of the date set for trial."

In the case at bar, appellant withdrew his waiver of jury trial, by virtue of his plea of "not guilty," and simultaneously filed his request for such jury trial on March 5, 1985, before the case had been set for trial by the court on that occasion. Since the trial court permitted appellant to withdraw his plea of "no contest" and resubmit a plea of "not guilty," we conclude that the result of this exercise had the express effect of negating appellant's prior waiver of his right to a jury trial. Thus, this court finds that appellant complied with the requirements of Crim. R. 23(A), and that, as such, his request was timely made.

Because we determine that the trial court erred in denying appellant's request for a jury trial, the matter is remanded to afford appellant his right to a jury trial. Therefore, it is not necessary to reach appellant's third assignment of error.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

DAHLING, P.J., and COOK, J., concur.