CITY OF TALLMADGE, APPELLANT, *v.* DEGRAFT-BINEY, APPELLEE.

[Cite as Tallmadge *v.* DeGraft-Biney (1988), 39 Ohio St. 3d 300.]

(No. 87-417—Submitted May 18, 1988—Decided November 16, 1988.)

*Virgil Arrington, Jr.,* for appellant.

*John T. Mellion,* for appellee.

WRIGHT, J. The issue certified herein is whether a jury demand pursuant to Crim. R. 23(A) is timely filed when it is filed not less than ten days before the actual trial (after continuance of the trial date), even though a jury demand had not been filed at least ten days before the originally scheduled trial date. We hold that in such an event the jury demand has been timely filed.

Crim. R. 23(A) provides in pertinent part:

"* * * In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto."

In the construction and application of Crim. R. 23 and the other Rules of Criminal Procedure, this court is guided by Crim. R. 1(B):

"These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed and applied to secure the fair, impartial, speedy, and sure administration of justice, simplicity in procedure, and the elimination of unjustifiable expense and delay." See, also, R.C. 2901.04(B).

The right of trial by jury is so fundamental under our criminal justice system that this fact, in and of itself, should compel the conclusion that the

"date set for trial," as used in Crim. R. 23(A), should mean ten days before the date set for the *actual* trial without regard to the number of continuances granted by the trial court. Moreover, the policies behind the time constraints placed upon the demand of a jury trial are adequately secured by this interpretation. In our view a ten-day period before the actual trial date allows more than sufficient time to meet the logistical requirements of any municipal court in this state with respect to summoning jurors and having those jurors available for service. See *State* v. *Stauffer* (1976), 48 Ohio St. 2d 54, 56, 2 O.O. 3d 169, 170, 356 N.E. 2d 724, 725 (P. Brown, J., dissenting).

As the Court of Appeals for Washington County stated in *State* v. *Edwards* (1965), 4 Ohio App. 2d 261, 266, 31 O.O. 2d 390, 392, 208 N.E. 2d 758, 761:

"Where a request for jury trial is made sufficiently in advance of the actual trial as not to interfere with the orderly administration of the business of the court and will not result in any unnecessary delay or inconvenience to witnesses or prejudice to the state, it may well be an abuse of discretion for the trial court to deny a jury trial."

In the present case and like cases, it is difficult to see how allowing a jury trial would disturb the normal and orderly administration of justice or prejudice the state. Having continued the trial to April 14, 1986, the court received a jury request on March 18, 1986, nearly one month in advance. The court certainly had sufficient time to summon and empanel a jury in this case, and thus we hold it was error to deny appellee's jury request. See *State* v. *Burton* (1988), 39 Ohio App. 3d 151, 530 N.E. 2d 955.

The time requirement for jury demands found in Crim. R. 23(A) must be interpreted and applied in conjunction with the timing of other aspects of the pretrial process. These include the appointment of counsel, pleadings and motions to withdraw pleadings, and requests for continuances.

In *Chardon* v. *Moyer* (1986), 33 Ohio App. 3d 154, 514 N.E. 2d 929, the defendant pled "no contest" and subsequently was permitted to change his plea and re-enter an earlier plea of "not guilty."[1] The court of appeals held that the changing of his plea to not guilty revived his right to request a jury trial:

"Since the trial court permitted appellant to withdraw his plea of 'no contest' and resubmit a plea of 'not guilty,' we conclude that the result of this exercise had the express effect of negating appellant's prior waiver of his right to a jury trial." *Id.* at 156, 514 N.E. 2d at 931. See, also, *State* v. *Grimsley* (1982), 3 Ohio App. 3d 265, 266-267, 3 OBR 308, 310-311, 444 N.E. 2d 1071, 1073-1074.

We recognize that *Moyer* and *Grimsley* do not address the specific question with which this court is faced today. However, we agree with the

---

[1] The defendant in *Moyer* was charged with a petty theft offense. On December 10, 1984, he pled "not guilty." He was notified on January 3, 1985, that trial was set for January 31, 1985. Thus, under Crim. R. 23(A) a jury demand was due on or before January 21, 1985.

On January 17, 1985, the defendant changed his plea to "no contest," which effected a waiver of his right to a jury trial by virtue of Crim. R. 11(B). At sentencing on March 5, 1985, defendant was permitted to withdraw his "no contest" plea and re-enter his earlier plea of not guilty. He also filed a written request for a jury trial. The trial court denied the jury trial request, and a bench trial was set for March 7, 1985, at which defendant was convicted and sentenced.

basic tenet of these cases that the right to a jury trial is too important to be prematurely lost in cases where proper pleadings, motions and continuances delay the actual date of trial. Thus we hold that the provision of Crim. R. 23(A) requiring that jury demands in petty offense cases be filed "not less than ten days prior to the date set for trial" means ten days before the *actual* trial date regardless of the number of continuances for whatever reasons which may have been granted. See *Edwards, supra,* syllabus. See, also, *Dayton* v. *Wood* (June 10, 1981), Montgomery App. No. CA 7001, unreported.

In reaching this conclusion, it is necessary to adopt a view that is contrary to the majority opinion in *State* v. *Stauffer, supra.* It is clear that the facts in that case are similar to those in the case before us.[2] In *Stauffer,* this court, three members dissenting, strictly applied Crim. R. 23(A) and denied a jury trial to a defendant whose jury demand was not timely filed with respect to the originally scheduled trial date despite the fact that the demand was made twenty days before the actual trial date. We believe that the *Stauffer* majority's reading of Crim. R. 23(A) defeats the purposes of the Rules of Criminal Procedure, which are to ensure the fair, impartial, speedy, and sure administration of justice. Crim. R. 1(B). See *State* v. *Thomas* (1980), 61 Ohio St. 2d 223, 225, 15 O.O. 3d 234, 235, 400 N.E. 2d

401, 403-404. Thus, *Stauffer* is hereby overruled.

In addition to *Stauffer,* appellant cites two cases from other jurisdictions which adopt a strict reading of rules requiring the filing of a jury demand a specific number of days before trial. *State* v. *Nielson* (1977), 199 Neb. 597, 260 N.W. 2d 321, overruled on other grounds, *State* v. *Gerber* (1980), 206 Neb. 75, 291 N.W. 2d 403; *Carrell* v. *Justice's Court of Reno Twp.* (1983), 99 Nev. 402, 663 P. 2d 697. In these cases the courts held that "trial" as used in the jury demand rule refers to the originally scheduled trial date and not necessarily the actual trial.

With all due respect to our brethren in Nebraska and Nevada, we believe they have in some measure ignored the concept of "justice for all" in their preoccupation with form. We recognize that we are living during a time of increased litigation, both criminal and civil, with attendant demands upon the judicial process. However, this factor should not stand in the way of a reasonable application of the rules to accommodate a fundamental constitutional right — the right of trial by one's peers.

Accordingly, we hold that the time limits of Crim. R. 23(A) regarding the filing of a jury demand are to be computed with respect to the last scheduled trial date. Where a jury demand is not timely filed with respect to the originally scheduled trial date, a continuance of the trial will renew the

---

[2] In *Stauffer,* the defendant was charged with operating a motor vehicle while intoxicated. On October 7, 1974, he pled not guilty and requested the appointment of counsel. Trial was set for October 17, 1974. Thus under Crim. R. 23(A) a jury demand was due on or before October 10, 1974, three days after notice of date set for trial.

Counsel for the defendant was ap-

pointed on October 9, 1974, and notified of his appointment on October 10, 1974, the last day the jury demand was due according to the interpretation of the majority in *Stauffer.* Counsel filed a jury demand on October 11, 1974. The trial court denied the jury demand, ruling that the language of Crim. R. 23 is mandatory. However, the court later continued the trial to October 31, 1974, which was the actual trial date.

time within which to file a jury demand.

Since appellee's jury request was filed March 18, 1986, not less than ten days before the actual trial date of April 14, 1986, his request was timely filed.

The court of appeals decision is affirmed.

*Judgment affirmed.*

SWEENEY, LOCHER, DOUGLAS and H. BROWN, JJ., concur.

MOYER, C.J., and HOLMES, J., dissent.

HOLMES, J., dissenting. Because the majority has ignored the express, unambiguous provisions of Crim. R. 23(A) and 45(B) by allowing the time for filing a demand for jury trial in petty offense cases to be extended by a continuance of the trial, I must respectfully dissent. I conclude that this court's decision in *State* v. *Stauffer* (1976), 48 Ohio St. 2d 54, 2 O.O. 3d 169, 356 N.E. 2d 724, is based on sound reasoning, and is controlling.

Although it is unclear from the opinion, this court was faced with the same issue in *Stauffer, supra.* In *Stauffer,* the defendant was charged with driving while intoxicated. On October 7, 1974, he pled not guilty and requested appointed counsel. Trial was then set for October 17, 1974, making any jury demand due on October 10, 1974, pursuant to Crim. R. 23(A) (three days after notice of the trial). Counsel for the defendant was appointed on October 9, 1974, and notified of his appointment on October 10, 1974, the day the jury demand was due. Counsel for the defendant then filed a jury demand on October 11, 1974, one day later. The trial court denied this jury demand, citing the

mandatory language of Crim. R. 23(A). However, the court later continued the trial to October 31, 1974, which turned out to be the actual trial date.

With the continuance, the defendant's jury demand in *Stauffer* would have been timely if it were computed with respect to the actual trial date. This point was argued by the defendant in *Stauffer* before this court. In his brief, the defendant relied upon *State* v. *Edwards* (1965), 4 Ohio App. 2d 261, 31 O.O. 2d 390, 208 N.E. 2d 758, as does the majority today, which held that the time requirements of former R.C. 1901.24 (129 Ohio Laws 423, 424), superseded by Crim. R. 23(A), are to be computed with respect to the actual trial date as opposed to the originally scheduled trial date. This argument was well-received by three of the justices, who joined in a dissenting opinion echoing, without citing, the rationale of *State* v. *Edwards, supra. State* v. *Stauffer, supra,* at 56, 2 O.O. 3d at 170, 356 N.E. 2d at 725. The majority, however, was apparently not persuaded by the defendant's argument and ruled that his jury demand was not timely filed. The fact that the jury demand was timely filed with respect to the actual trial date, obtained after two continuances, did not affect this court's decision. Thus, in light of the facts and arguments presented to this court, the holding in *Stauffer, supra,* can be construed only as a disapproval of *State* v. *Edwards, supra.* The court in *Stauffer* clearly required the jury demand to be timely filed with respect to the originally scheduled trial date, as opposed to the actual trial date.

This same conclusion was reached by the Nebraska Supreme Court in *State* v. *Nielsen* (1977), 199 Neb. 597, 260 N.W. 2d 321, overruled on other grounds, *State* v. *Gerber* (1980), 206 Neb. 75, 291 N.W. 2d 403. In constru-

ing a local court rule requiring a jury demand to be filed no later than fourteen days prior to "the time the case has been set for trial," the court held that this language referred to the originally scheduled trial date.

Such a holding is essential in order to give any meaning to the time limits in a jury demand rule. This is especially true where, as here, the rule specifically states that failure to comply with the rule constitutes a "complete waiver" of the right to a jury trial. By holding that one can avoid this language by simply obtaining a continuance, the majority has rendered the rule rather meaningless. Furthermore, Crim. R. 45(B), dealing with a trial court's enlargement of time, *specifically prohibits* the extension of the time within which to file a jury demand: "The court may not extend the time for taking any action under Rule 23 * * *."

In the instant case, appellee's jury demand was due on March 4, 1986, ten days prior to the originally scheduled trial date. No jury demand was filed on or before this date. Thus, at the close of court business on March 4, 1986, according to the plain language of Crim. R. 23(A), appellee completely waived his right to a jury trial. Appellee then filed, six days later, a motion for a continuance which was granted. Appellee now argues that this continuance renewed his right to file a jury demand. If this were true, then appellee's waiver of a jury trial on March 4, 1986, would not be a "complete" waiver and Crim. R. 23(A) would not mean what it plainly states.

The Supreme Court of Nevada had held that a rule requiring a jury demand to be filed "not less than 5 days prior to trial"[3] means five days prior to the originally scheduled trial date, as opposed to the actual trial date. *Carrell* v. *Justice's Court of Reno Twp.* (1983), 99 Nev. 402, 663 P. 2d 697. In that case, the court stated at 403, 663 P. 2d at 698:

"Appellant argues that the 'prior to trial' language of NRS 175.011(2) refers to the actual date of trial; respondent argues that it refers to the initial date trial is set. Neither party has presented us with significantly persuasive authority. We are thus called upon to construe the statute in the more reasonable manner, consistent with the intent of the legislature and in light of public policy. We believe that the more reasonable interpretation of the statute is respondent's, and that in light of the obvious public policy in favor of the orderly processing of misdemeanor trials through justice's courts, the legislature intended that jury trials be demanded at the earliest possible time under the language of the statute. Thus, we conclude that NRS 175.011(2) requires that a demand for jury trial be filed not less than five days prior to the date trial is initially set."

This same public policy is applicable to this state. This can be clearly seen in the historical context of Crim. R. 23(A). A predecessor to the jury demand rule found in R.C. 1901.24 required that the jury demand be made "before the court shall proceed to inquire into the merits of the cause." (125 Ohio Laws 903, 954.) See *State* v. *Magana* (1961), 115 Ohio App. 106, 20 O.O. 2d 216, 184 N.E. 2d 525. This statute was amended to require the jury demand to be filed not less than three days prior to the date set for trial. (129 Ohio Laws 423, 424.) See

---

[3] Nev. Rev. Stat. 175.011(2). This statute has since been amended to require the jury demand to be filed not less than thirty days prior to trial.

*State* v. *Edwards, supra.* Finally, Crim. R. 23(A), as it currently exists, requires a jury demand to be filed not less than ten days before the date set for trial. Each change in the law has required an earlier filing of the jury demand. Thus, the drafters of the rules have recognized, along with the Nevada court, that the orderly processing of misdemeanor trials requires that jury trials be demanded at the earliest possible time. See Crim. R. 1(B). The rules further require that the time limits regarding jury demands be adhered to strictly. Crim. R. 45(B).

Therefore, I would hold that with the increase in all litigation, both criminal and civil, with the attendant demands upon the judicial process to accommodate those who by constitution and statutory law may seek a jury of their peers to hear and determine their issues presented for trial, adherence to the rules providing for such jury trial must be continued. Otherwise, our administration of justice in any orderly fashion could be in disarray.

I therefore respectfully dissent.

MOYER, C.J., concurs in the foregoing dissenting opinion.