CITY OF GARFIELD HEIGHTS, Appellee,

v.

PERKINS, Appellant.

[Cite as *Garfield Hts. v. Perkins* (1994), 95 Ohio App.3d 602.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 66554.

Decided June 13, 1994.

*James J. McGrath IV*, Garfield Heights Prosecutor, for appellee.

*Ernst & Dowling, Dawn M. Dowling* and *Christopher M. Ernst*, for appellant.

*Per Curiam.*

Defendant-appellant Reginald Perkins ("appellant") appeals the denial of his demand for a jury trial. The trial court found appellant guilty of a charge of domestic violence, R.C. 2919.25(A).

Appellant assigns the following error for review:

"The trial court erred in denying the defendant's demand for a jury trial."

Finding the assignment of error to have merit, the judgment of the trial court is reversed.

I

On March 21, 1993, appellant's wife, Valerie Perkins, charged him with domestic violence in Maple Heights. After that case was continued pending a divorce action, appellant again was charged with domestic violence by his wife but this time in Garfield Heights. Both charges were combined and trial set in the Garfield Heights Municipal Court for August 17, 1993.

At appellant's request, trial was continued until August 31, 1993. Trial was reset for September 20, 1993, when Valerie Perkins failed to appear to testify. On September 9, 1993, appellant filed a jury demand, which the trial court denied. The trial court overruled appellant's motions for continuance and reconsideration. At trial, appellant renewed his request for a jury trial. The trial court again denied the demand. Appellant entered a plea of no contest for the second charge and was found guilty. The Maple Heights charge was dismissed.

The trial court relied on *Blanton v. N. Las Vegas, Nevada* (1989), 489 U.S. 538, 109 S.Ct. 1289, 103 L.Ed.2d 550, in overruling appellant's jury demand. In its opinion, the trial court stated it found *Tallmadge v. DeGraft–Biney* (1988), 39 Ohio St.3d 300, 530 N.E.2d 1310, to be contrary to the spirit and essence of *Blanton.*

## II

In his assignment of error, appellant contends the trial court erred by not granting his jury demand. Appellant argues his request was timely and properly made and its denial requires reversal.

R.C. 2945.17 states:

"At any trial, in any court, for the violation of any statute of this state, or of any ordinance of any municipal corporation, except in cases in which the penalty involved does not exceed a fine of one hundred dollars, the accused has the right to be tried by a jury."

Crim.R. 23(A) states in pertinent part:

"In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial."

In *Tallmadge, supra,* the court held the time limits of Crim.R. 23(A) are to be computed with respect to the last scheduled trial date. The court stated:

"The right of trial by jury is so fundamental under our criminal justice system that this fact, in and of itself, should compel the conclusion that the 'date set for trial,' as used in Crim.R. 23(A), should mean ten days before the date set for the *actual* trial without regard to the number of continuances granted by the trial court. Moreover, the policies behind the time constraints placed upon the demand of a jury trial are adequately secured by this interpretation. In our view, a ten-day period before the actual trial date allows more than sufficient time to meet the logistical requirements of any municipal court in this state with respect to summoning jurors and having those jurors available for service." (Emphasis *sic.*) *Id.* at 301–302, 530 N.E.2d at 1311–1312.

Although the trial court disagreed with the holding of *Tallmadge,* it was bound to follow the law as set forth by the Supreme Court of Ohio. *Blanton* held there is no federal constitutional right to a jury trial for offenses punishable by a term of imprisonment of six months or less. However, the Supreme Court of Ohio has afforded a defendant the right to a jury trial for petty offenses. *Tallmadge* and not *Blanton* is controlling in this case.

The trial court erred in denying appellant's jury demand. This is reversible error necessitating a new trial.

*Judgment reversed*
*and cause remanded.*

SPELLACY, P.J., MATIA and NUGENT, JJ., concur.