DECISION AND JUDGMENT ENTRY
{¶ 1} The State and Appellant Danny Barnett have taken a commendable approach and filed a "Joint Motion for Disposition Without Further Argument or Briefing," which we will construe as a join brief addressing the merits. The motion asserts that the trial court erred by denying Barnett a jury trial after he filed a jury demand in accordance with Crim.R. 23(A) more than ten (10) days before a previously scheduled trial date. We agree.
 {¶ 2} Barnett was charged with failure to provide adequate support to his wife and minor children in violation of R.C.2919.21(A)(2) and (B), a first degree misdemeanor. A "Notice of Hearing" dated January 21, 2005 scheduled the matter for a court trial on March 3, 2005. Both parties appeared on March 3, 2005, and the court continued the matter to enable the parties to complete discovery. On that same day, the court issued an assignment notice setting the matter for a court trial on April 14, 2005. On March 11, 2005, Barnett filed a jury demand, but the court did not reset the case for jury trial. The matter proceeded to court trial on April 14, 2005, over the objection of Barnett's counsel. The trial court found Barnett guilty and scheduled the matter for sentencing.
 {¶ 3} Crim.R. 23 states that,
[i]n petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever date is later.
Crim.R. 23(A). The Ohio Supreme Court has held that "the time limits of Crim.R. 23(A) regarding filing of a jury demand are to be computed with respect to the last scheduled trial date. Where a jury demand is not timely filed with respect to the originally scheduled trial date, a continuance of the trial will renew the time within which to file a jury demand." City of Tallmadge v.DeGraft-Biney (1988), 39 Ohio St.3d 300, 303-304. The facts inTallmadge are nearly identical to the facts of the case at hand.
 {¶ 4} Here, the trial court initially set a court trial date for March 3, 2005. The court then continued the trial until April 14, 2005. Barnett filed his jury demand on March 11, 2005, more than a month before the second court trial date. Based on the holding in Tallmadge, the trial court erred by denying Barnett a jury trial because Barnett filed his jury demand in accordance with Crim.R. 23(A) more than ten (10) days prior to the date set for trial. The continuance of the original trial date renewed the time within which Barnett had to file a jury demand. Accordingly, we sustain the parties' joint assignment of error, reverse the judgment, and remand this cause for further proceedings consistent with this opinion. In doing so, we commend counsel for their professional approach to this matter.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hillsboro Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. McFarland, J.: Concur in Judgment and Opinion.