[Cite as *State v. Smith*, 2016-Ohio-3203.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                                      Court of Appeals No. L-15-1157

       Appellee                                          Trial Court No. CRB-15-01075

v.

Michael Smith                                             **DECISION AND JUDGMENT**

       Appellant                                         Decided:  May 27, 2016

* * * * *

David Toska, City of Toledo Chief Prosecutor, and
Jimmie Jones, Assistant Prosecutor, for appellee.

Angelina Wagner, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an appeal from the judgment of the Toledo Municipal Court.

Appellant, Michael Smith, argues that the trial court violated his due process rights when

it denied his request for a jury trial.  For the reasons that follow, we reverse.

{¶ 2} On January 23, 2015, two complaints were filed charging appellant with domestic violence in violation of R.C. 2919.25(A), and assault in violation of R.C. 2903.13(A), respectively, both misdemeanors of the first degree. On February 13, 2015, a third complaint was filed against appellant based on a separate incident, charging him with criminal damaging in violation of R.C. 2909.06(A)(1), a misdemeanor of the second degree. On February 22, 2015, the cases were consolidated and appellant entered a plea of not guilty.

{¶ 3} The matter was set for pretrial on April 2, 2015. Prior to the pretrial, on April 1, 2015, the case was set for trial on April 23, 2015, at 9:00 a.m. On the morning of April 23, appellant's retained counsel moved to withdraw pursuant to appellant's request. The trial court granted the motion to withdraw, commenting to appellant that "This is America. Everybody has the constitutional right to be stupid, and you are exercising yours and that's great." The court stated that it would continue the matter until the next day for pretrial so that appellant could appear with another attorney. When appellant indicated that he did not understand why he needs an attorney when no crime was committed, the trial court informed him that since his previous counsel had withdrawn, appellant was now unrepresented. At that point, appellant announced that he wished to represent himself. The trial court indulged him, and stated that they should set the matter for trial that afternoon. Appellant orally requested a jury trial, which the trial court summarily denied. The court then discussed with the prosecutor having a trial the next day. Upon learning that the victim would be unavailable that day, the prosecutor

2.

informed the court that he could put the trial on in the afternoon. The matter was then sent to the assignment commissioner's office to set it for trial on April 23, 2015, at 1:30 p.m.

{¶ 4} At the beginning of the trial, appellant affirmed that he still intended to represent himself:

> THE COURT: This is set for trial this afternoon. You are going to represent yourself, Mr. Smith?
>
> [APPELLANT]: Yes, Your Honor.
>
> THE COURT: You are not going to hire an attorney?
>
> [APPELLANT]: No, Your Honor.

No further discussion was had regarding appellant's decision to forgo being represented by an attorney.

{¶ 5} Appellant then requested a jury trial again. The trial court responded, "You are out of time, according to the rule, for requesting a trial by jury. This morning I denied your request." Thereafter, the trial proceeded, following which the court found appellant guilty. Immediately following the trial, the court sentenced appellant to 30 days in jail on the charge of criminal damaging, and 180 days suspended on the charge of domestic violence.[1]

---

[1] The court merged the assault charge with the domestic violence charge for purposes of sentencing.

3.

**{¶ 6}** Appellant has appealed his judgment of conviction, asserting one assignment of error for our review:

1. The trial court violated the Appellant's due process rights by failing to afford him an opportunity to demand a trial by jury in accordance with Crim.R. 23(A).

**Analysis**

**{¶ 7}** Initially, we recognize that "[t]he guarantee of a jury trial in criminal cases contained in the state and federal Constitutions is not an absolute and unrestricted right in Ohio with respect to misdemeanors, and a statute, ordinance or authorized rule of court may validly condition the right to a jury trial in such a case on a written demand therefore." *State v. Tate*, 59 Ohio St.2d 50, 52, 391 N.E.2d 738 (1979), quoting *Mentor v. Giordano*, 9 Ohio St.2d 140, 224 N.E.2d 343 (1967), paragraph one of the syllabus. Crim.R. 23(A) is such a rule. *Id.* Thus, the initial question before us is whether the trial court correctly applied Crim.R. 23(A).

**{¶ 8}** Crim.R. 23(A) provides,

In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to

4.

demand a jury trial as provided in this subdivision is a complete waiver of the right thereto.

{¶ 9} Here, it is undisputed that this is a petty offense case where there is a right of jury trial. It also is undisputed that the matter was set for trial on the morning of April 23, 2015, and appellant did not file a written jury demand. However, appellant argues that the practice of the Toledo Municipal Court is to treat a morning trial as a final pretrial. Only when the case is set for an afternoon trial is it contemplated that a trial will actually occur. Appellant asserts that because the matter was reset for an actual trial that same day, he was not afforded the opportunity to timely submit a written request for a jury trial.

{¶ 10} The state, on the other hand, argues that the trial took place on the date on which it was scheduled. Thus, the state contends that the rule in *Tallmadge v. DeGraft-Biney*, 39 Ohio St.3d 300, 530 N.E.2d 1310 (1988), does not apply. In that case, the Ohio Supreme Court held,

> The time limits of Crim.R. 23(A) regarding the filing of a jury demand are to be computed with respect to the last scheduled trial date. Where a jury demand is not timely filed with respect to the originally scheduled trial date, a continuance of the trial will renew the time within which to file a jury demand. *Id.* at syllabus.

The state concludes that because the trial was not continued to a different date, the time for filing a written jury demand was not renewed.

5.

{¶ 11} We agree with the state that *DeGraft-Biney* is inapplicable in the present case.  Although it is the apparent practice of the Toledo Municipal Court to treat a morning trial as a final pretrial, the fact remains that the matter was set for a *trial* on April 23, 2015, and the trial was held on that day.  Crim.R. 23(A) is clear regarding the time for filing a written jury demand relative to the trial date, and we are disinclined to introduce confusion to the rule by recognizing a distinction between setting a matter for a morning trial as opposed to an afternoon trial.  Furthermore, we believe that a literal application of Crim.R. 23(A) does not prejudice defendants.  Receipt of the notice of trial triggers the obligation to file a written jury demand.  Any subsequent continuance or rescheduling of the trial date would only add additional time in which to make the demand in accordance with *DeGraft-Biney*.  Therefore, because the trial occurred on the scheduled date, and because appellant did not file a written jury demand in accordance with Crim.R. 23(A), we conclude the trial court did not err when it denied appellant's untimely oral motion for a jury trial.

{¶ 12} Nevertheless, we hold that the trial court violated appellant's right to due process by the manner in which it proceeded to trial.  "A fair trial in a fair tribunal is a basic requirement of due process.  Fairness of course requires an absence of actual bias in the trial of cases.  But our system of law has always endeavored to prevent even the probability of unfairness. * * * [T]o perform its high function in the best way 'justice must satisfy the appearance of justice.'"  *In re Murchison*, 349 U.S. 133, 136, 75 S.Ct.

6.

623, 99 L.Ed. 942 (1955), quoting *Offutt v. United States*, 348 U.S. 11, 14, 75 S.Ct. 11, 99 L.Ed. 11 (1954).

{¶ 13} Here, the trial court openly exhibited disdain for appellant by stating that appellant was exercising his "constitutional right to be stupid" in electing to fire his retained counsel. Whether the trial court was actually biased against appellant, and allowed that bias to factor into its finding of guilt, we cannot say. However, it is evident that the court's conduct towards appellant fell far short of "satisfy[ing] the appearance of justice."

{¶ 14} In addition, the trial court made no attempt whatsoever to obtain a knowing, intelligent, and voluntary waiver of the right to counsel before allowing appellant to proceed unrepresented in a criminal matter that resulted in him being sentenced to serve jail time.

The Sixth Amendment to the United States Constitution, and Section 10, Article 1 of the Ohio Constitution guarantee the right to assistance of counsel in all criminal prosecutions that may result in jail sentences. * * * "The constitutionally protected right to the assistance of counsel is absolute [and] 'absent a knowing and intelligent waiver, no person may be imprisoned for any offense * * * unless he was represented by counsel at his trial.'" (Internal citations omitted.) *Toledo v. Johnson*, 6th Dist. Lucas No. L-12-1277, 2014-Ohio-1553, ¶ 6, quoting *State v. Tymcio*, 42 Ohio St.2d 39, 43, 325 N.E.2d 556 (1975).

7.

"As the right to counsel is a fundamental constitutional right, there is a strong presumption against waiver of the constitutional right to counsel." *State v. Navarro*, 6th Dist. Wood No. WD-14-087, 2015-Ohio-4063, ¶ 9, citing *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). "An effective waiver of right to counsel includes the trial court making a sufficient inquiry to decide whether a defendant fully understands and intelligently waives counsel." *Id.* at ¶ 10, citing *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph two of the syllabus. "The trial court must caution a defendant and warn of 'the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.''" *Id.*, quoting *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In this case, the trial court did not engage in any discussion about the right to representation, or the dangers or disadvantages of self-representation, instead only asking appellant if he was going to represent himself and not hire an attorney.

{¶ 15} Therefore, because the trial court expressed disdain for appellant, calling him "stupid," and allowed appellant to proceed unrepresented without a knowing, intelligent, and voluntary waiver of his right to counsel in a matter that could have resulted, and in fact did result, in the imposition of jail time, we hold that appellant did not receive a fair trial and thus his right to due process was violated.

{¶ 16} Accordingly, appellant's assignment of error is well-taken.

{¶ 17} For the foregoing reasons, we find that substantial justice has not been done the party complaining, and the judgment of the Toledo Municipal Court is reversed and

8.

vacated. The matter is remanded to the trial court to schedule a new trial date and for further proceedings consistent with this decision. The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

_____
JUDGE

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.