[Cite as *State v. Bennett*, 2024-Ohio-274.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29669 |
| | : | |
| v. | : | Trial Court Case No. 22CRB3640 |
| | : | |
| DONAVON BENNETT | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on January 26, 2024

. . . . . . . . . . .

APRIL F. CAMPBELL, Attorney for Appellant

MARC T. ROSS, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Donavon Bennett appeals from his conviction for cruelty to animals. For the reasons set forth below, we reverse and remand for further proceedings.

## I.  Facts and Procedural Background

{¶ 2} On October 19, 2022, Bennett was charged by criminal complaint with three counts of cruelty to animals in violation of R.C. 959.131(B). He was arraigned the next day, at which time a trial date was set for November 1, 2022. A notice of appearance was filed by the public defender's office on October 21, 2022. Bennett filed a written jury demand and a separate motion for a continuance of the trial on October 31, 2022; the trial court conducted a hearing on the motions that same day. According to the record, Bennett was not transported from jail to the hearing due to the late hour of the proceeding. Ultimately, the trial court rescheduled the trial for November 3, 2022, but denied the jury demand as untimely.

{¶ 3} Following a bench trial, the court found Bennett guilty of one charge of cruelty to animals and not guilty of the two other charges. Bennett was sentenced to 180 days in jail with credit for 14 days. The remaining 166 days were suspended, and Bennett was placed on intensive supervised probation for one year. The court ordered Bennett to pay $309 in veterinary bills as restitution. Finally, the court ordered Bennett to attend a Stop the Violence program and to undergo a psychiatric assessment and assessments for drug and alcohol abuse.

{¶ 4} Bennett appeals.

## II. Entitlement to a Jury Trial

{¶ 5} The first assignment of error asserted by Bennett states:

BENNETT'S CONVICTION SHOULD BE REVERSED BECAUSE HE WAS ENTITLED TO A JURY TRIAL AND DID NOT WAIVE HIS RIGHT

TO IT.

{¶ 6} "[T]he guarantee of a jury trial in criminal cases contained in the state and federal Constitutions is not an absolute and unrestricted right in Ohio with respect to misdemeanors, and a statute, ordinance or authorized rule of court may validly condition the right to a jury trial in such a case on a written demand therefore." *State v. Tate*, 59 Ohio St.2d 50, 52, 391 N.E.2d 738 (1979), quoting *Mentor v. Giordano*, 9 Ohio St.2d 140, 224 N.E.2d 343 (1967), paragraph one of the syllabus. "Crim.R. 23(A) is such a rule." *Id.* The rule states, in pertinent part:

> In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later.

{¶ 7} As stated, the trial court deemed Bennett's jury demand untimely because it had not been filed ten days before the original trial date. However, when asked to construe Crim.R. 23(A) in *City of Tallmadge v. DeGraft-Biney*, 39 Ohio St.3d 300, 530 N.E.2d 1310 (1988), the Ohio Supreme Court stated:

> The time limits of Crim.R. 23(A) regarding the filing of a jury demand are to be computed with respect to the last scheduled trial date. Where a jury demand is not timely filed with respect to the originally scheduled trial date, a continuance of the trial will renew the time within which to file a jury demand.

*Id.* at syllabus.

{¶ 8} In reaching its decision, the *DeGraft-Biney* court cited *Dayton v. Wood*, 2d Dist. Montgomery No. 7001, 1981 WL 2820 (June 10, 1981). In *Wood*, the trial court originally scheduled a trial for June 9, 1980. Thereafter, the public defender's office filed a notice of appearance. A written jury demand was filed on June 4, 1980. The trial court denied the jury demand as untimely but continued the trial date. Ultimately, the case was tried to the bench in September 1980. No further written jury demand was filed.

{¶ 9} On appeal, we concluded that although the defendant's written jury demand was not filed ten days prior to the originally scheduled trial date, his request was timely because it was filed "on or before the third day following receipt of notice" of the actual, rescheduled, trial date. *Id.* at *2.

{¶ 10} In Bennett's case, the trial was originally set for November 1, 2022. Although the jury demand was not timely filed as to that trial date, it was filed "on or before the third day following receipt of notice" of the actual trial date of November 3, 2022. Thus, the trial court erred by denying Bennett a trial by jury.

{¶ 11} In coming to this conclusion, we reject the State's reliance on *State v. Brown*, 5th Dist. Coshocton No. 90-CA-25, 1991 WL 100409 (June 3, 1991). In *Brown*, counsel, representing Brown regarding a first-degree misdemeanor, filed an appearance of counsel, a motion to continue the already-scheduled trial date, and a motion for a jury trial. The trial court overruled the motion for a jury trial as untimely under Crim.R. 23(A), but the motion for continuance of the trial date was granted and a new trial date was set.

Brown ultimately entered a no contest plea and was found guilty of the charged offense. On appeal, Brown relied on *DeGraft-Biney*, 39 Ohio St.3d 300, 530 N.E.2d 1310, and argued "that when the new, continued trial date was later set the request for jury trial was rendered timely." *Brown* at *1. The appellate court disagreed, stating that in *DeGraft-Biney*, "an extant motion was rendered timely by the establishment of a continued trial date prior to ruling thereupon." *Id.* The *Brown* court concluded that "the trial court overruled Brown's motion for a jury trial, *and no new motion for jury trial was filed so as to be timely with respect to the continued trial date*." (Emphasis sic.) *Id.* Based upon *Brown*, the State argues when the trial court "overruled" Bennett's jury demand, the "untimely request for a jury demand [became] 'dead' and [could not] be revived absent the filing * * * of another written [jury] demand that [was] timely based upon the new trial date." The State's reliance on *Brown* is misplaced.

{¶ 12} In *DeGraft-Biney*, a jury demand was filed, not a motion requesting a jury trial as suggested by the *Brown* decision. This is consistent with Crim.R. 23(A), which simply requires a defendant to file a jury demand. It seems the *Brown* court concluded that, because a motion for a jury trial had been filed and overruled, there was not a jury demand "extant" – that is, pending – when the continued trial date was set, making the *DeGraft-Biney* decision inapplicable. If *Brown* is understood as the appellate court's making a distinction between a motion for a jury trial and a jury demand, this distinction perhaps has arguable merit. But if, as suggested by the State, *Brown* is understood as the appellate court's holding that, when an initially untimely jury demand becomes timely when measured with respect to a continued trial date, a defendant must nonetheless file

another jury demand, this interpretation is inconsistent with *DeGraft-Biney*. This conclusion is confirmed by the fact that *DeGraft-Biney* specifically overruled *State v. Stauffer*, 48 Ohio St.2d 54, 356 N.E.2d 724 (P. Brown, J., dissenting). In *Stauffer*, the defendant, based upon an already-scheduled trial date, filed an untimely jury demand. The trial court denied the jury demand as untimely. The trial was then continued to a later date, which made the jury demand timely when measured by the new date. *Stauffer* held that the continued trial date did not make the jury demand timely. The facts in the overruled *Stauffer* decision are indistinguishable from the facts in Bennett's case. This confirms that *DeGraft-Biney* applied to Bennett's jury demand, and the jury demand became timely upon the continuance of the trial date.

{¶ 13} The first assignment of error is sustained.

### III. Mootness

{¶ 14} The second and fourth assignments of error state:

THE TRIAL JUDGE VIOLATED BENNETT'S RIGHT TO BE PRESENT AT EVERY STAGE OF HIS TRIAL BY HOLDING A HEARING WITHOUT BENNETT, IN WHICH BENNETT'S SUBSTANTIAL RIGHTS WERE AFFECTED.

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT GRANTING BENNETT ANY MORE THAN A THREE-DAY CONTINUANCE.

{¶ 15} Bennett asserts the trial court erred when it conducted the hearing on the

motion for a continuance without his presence in the courtroom or via a video connection. He further asserts the trial court erred by failing to grant a longer continuance. Given our resolution of the first assignment of error, these assignments of error are moot. Accordingly, the second and fourth assignments of error are overruled as moot.

## IV.    Recusal

{¶ 16} Bennett's third assignment of error states:

THE ACTING JUDGE SHOULD HAVE RECUSED ITSELF [SIC] FROM BENNETT'S TRIAL DUE TO THE ACTING JUDGE'S BIAS, AS WELL AS THE APPEARANCE OF BIAS, AGAINST BENNETT'S ATTORNEY.

{¶ 17} Bennett asserts that the trial judge was biased against his attorney and, thus, erred by failing to recuse herself. Because the same trial judge may preside over this case on remand, this issue is not rendered moot.

{¶ 18} The term judicial bias "implies a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts." *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 132 N.E.2d 191 (1956), paragraph four of the syllabus. If a municipal court judge is alleged to have a bias or prejudice for or against any party to a proceeding pending before the judge, or to be otherwise disqualified to preside over the

proceeding, any party to the proceeding may file an affidavit of disqualification with the clerk of the Ohio Supreme Court. R.C. 2703.031. "R.C. 2703.031 provides the exclusive means by which a litigant may claim that a municipal court judge is unduly interested, biased, or prejudiced." *Columbus Checkcashers, Inc. v. Guttermaster, Inc.*, 10th Dist. Franklin No. 13AP-106, 2013-Ohio-5543, ¶ 33; *see also State v. Dixon*, 12th Dist. Butler No. CA2016-04-074, 2016-Ohio-7438, ¶ 20; *State v. Bacon*, 8th Dist. Cuyahoga No. 85475, 2005-Ohio-6238, ¶ 66.

**{¶ 19}** Bennett did not file an affidavit of disqualification of the municipal court judge with the clerk of the Supreme Court. Thus, the Supreme Court was not presented with the opportunity to review Bennett's concerns. Simply put, Bennett failed to invoke the jurisdiction of the proper court to review his claim of judicial bias, and we lack jurisdiction to address his claims. *State v. Hussein*, 10th Dist. Franklin No. 15AP-1093, 2017-Ohio-5519, ¶ 9*; State v. Jones*, 11th Dist. Portage No. 2008-P-0018, 2008-Ohio-6994, ¶ 16. On remand, Bennett is free to take the appropriate action to address this issue.

**{¶ 20}** The third assignment of error is overruled.

## V. Conclusion

**{¶ 21}** Assignments of error two, three, and four are overruled. However, because we sustain Bennett's first assignment of error, the judgment of the trial court is reversed, and the matter is remanded for further proceedings.

. . . . . . . . . . . .

LEWIS, J. and HUFFMAN, J., concur.