OPINION
{¶ 1} This is an accelerated calendar case, submitted to this court on the record and the brief of appellant, Michael S. Lowe. Appellee, the village of South Russell, has not filed an appellate brief. Lowe appeals the judgment entered by the Chardon Municipal Court.
 {¶ 2} On August 2, 2002, Lowe's vehicle was stopped by Patrolman Michael Rizzo of the South Russell Police Department. As a result of the stop, Lowe received several citations, including: possession of an open container of alcohol; possession of a false driver's license of another; possession of drug paraphernalia; underage possession of alcohol; and various traffic offenses.
 {¶ 3} Originally, the case was set for a jury trial on October 16, 2003. On October 15, 2003, Lowe waived his right to a jury trial. That same day, the trial court sent notice that a change of plea hearing was set for October 17, 2003. Apparently, a plea bargain could not be reached at that hearing. Thus, on October 17, 2003, the trial court sent notice that the matter was set for a trial to the court on October 30, 2003.
 {¶ 4} On October 24, 2003, Lowe requested a jury trial. In this pleading, he indicates that he had waived his right to a jury trial in anticipation of a resolution of the matter at the change of plea hearing. Also on October 24, 2003, Lowe filed a motion to continue the October 30, 2003 trial date to November 13, 2003, due to a conflict with his attorney's schedule. On October 27, 2003, the trial court denied Lowe's motion for a jury trial. The trial court did not state its reason for overruling the motion. The trial court did continue the trial to November 13, 2003. On November 10, 2003, Lowe filed a "motion to stay or in the alternative motion for determination of supersedeas bond." Lowe argued the proceedings should be stayed to permit him to appeal the trial court's denial of his request for a jury trial. The trial court denied this motion.
 {¶ 5} On November 13, 2003, Lowe changed his plea to no contest. Lowe was convicted of underage possession of alcohol and taking the identity of another. Although the judgment entry is somewhat unclear, it appears the remaining charges were dismissed. Lowe received a thirty-day jail sentence for each conviction, to be served consecutively. However, all but five days of the sentence was suspended. In addition, seventy-two hours of the actual jail sentence was to be served in an alcohol rehabilitation facility.
 {¶ 6} Lowe has timely appealed the judgment of the trial court. Upon Lowe's request, this court has issued a stay on the execution of his sentence pending this appeal.
 {¶ 7} Lowe raise's one assignment of error: {¶ 8} "The trial court erred by denying defendant-appellant's jury demand where defendant-appellant's case was originally set for jury trial but defendant waived that jury trial based upon a potential plea deal, and then reinstated his jury demand within the appropriate time limits after the plea deal fell apart."
 {¶ 9} Lowe claims the trial court erred by overruling his motion for a jury trial. For the following reasons, we agree.
 {¶ 10} As noted above, the trial court did not state its reason for overruling Lowe's jury demand. The trial court could have concluded that the request was untimely. Crim.R. 23(A) governs the timeliness of jury demands in misdemeanor proceedings and provides, in relevant part:
 {¶ 11} "In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto."
 {¶ 12} In interpreting this rule, the Supreme Court of Ohio has held:
 {¶ 13} "The time limits of Crim.R. 23(A) regarding the filing of a jury demand are to be computed with respect to the last scheduled trial date. Where a jury demand is not timely filed with respect to the originally scheduled trial date, a continuance of the trial will renew the time within which to file a jury demand." Tallmadge v. DeGraft-Biney (1988),39 Ohio St.3d 300, syllabus.
 {¶ 14} We note that Lowe's second jury demand was filed on October 24, 2003, only six days before the scheduled bench trial that was set for October 30, 2003. However, this trial date was continued to November 13, 2003. Thus, Lowe's jury demand was filed more than ten days prior to the last scheduled trial date, in accordance with Crim.R. 23 and the Supreme Court of Ohio's holding in Tallmadge v. Degraft-Biney. As stated by the Supreme Court of Ohio, "the right to a jury trial is too important to be prematurely lost in cases where proper pleadings, motions and continuances delay the actual date of trial." Id. at 303.
 {¶ 15} Another possible reason for the trial court to overrule Lowe's jury demand was that Lowe had previously waived his right to a jury trial. Lowe withdrew his first jury demand prior to the original trial date in anticipation of the change of plea hearing. However, this course of events did not preclude Lowe from filing another jury demand, so long as it was timely pursuant to Crim.R. 23. The Supreme Court of Ohio has quoted this court's reasoning in a similar matter:
 {¶ 16} "`Since the trial court permitted appellant to withdraw his plea of "no contest" and resubmit a plea of "not guilty," we conclude that the result of this exercise had the express effect of negating appellant's prior waiver of his right to a jury trial.'" Tallmadge v. DeGraft-Biney,39 Ohio St.3d at 302, quoting Chardon v. Moyer (1986), 33 Ohio App.3d 154,156.
 {¶ 17} In the case sub judice, Lowe waived his original jury demand in apparent anticipation of changing his plea from not guilty. This was necessary, because the jury trial was scheduled for the day before the change of plea hearing. However, at the change of plea hearing, a plea agreement was not reached, and Lowe did not change his plea. Soon after the change of plea hearing, Lowe filed a second jury demand. As such, Lowe's prior waiver of his right to a jury trial was negated.
 {¶ 18} Lowe continuously made the court aware of his desire to exercise his right to a jury trial. The only time he swayed from this preference was when, in an effort to come to a plea agreement with the prosecution, he waived his right. However, when no deal was reached, he filed another jury demand. We must remember that the right to a trial by jury is a constitutional guarantee. Id. at 303. Lowe should have been permitted that right in this matter.
 {¶ 19} Lowe's assignment of error has merit.
 {¶ 20} The judgment of the trial court is reversed. This matter is remanded to the Chardon Municipal Court to be set for jury trial. The stay of execution of sentence is hereby dissolved.
Ford, P.J., Christley, J., concur.