[Cite as *State v. Navarro*, 2015-Ohio-4063.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                      Court of Appeals No. WD-14-087

      Appellee                              Trial Court No. 13 CR 472

v.

Brandon Navarro                              **DECISION AND JUDGMENT**

      Appellant                             Decided:  September 30, 2015

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney,
Gwen K. Howe-Gebers and David T. Harold, Assistant
Prosecuting Attorneys, for appellee.

Stephen D. Long, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Brandon Navarro, appeals his conviction, rendered in the Wood

County Court of Common Pleas, for failure to comply with an order or signal of a police

officer, a third degree felony. For the reasons that follow, we reverse appellant's conviction and remand for further proceedings consistent with this decision.

{¶ 2} Appellant sets forth one assignment of error:

The trial court erred in failing to comply with Crim.R. 44(A) and by failing to adequately inquire as to appellant's waiver of his right to counsel as guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution and choice to proceed to trial pro se.

{¶ 3} In the early morning hours of July 18, 2013, appellant was observed by a state highway patrol officer operating a motorcycle at a high rate of speed on Interstate 75 with no taillight and no license plate. The officer activated the lights and sirens on the marked patrol car, indicating appellant should pull over and stop. Appellant accelerated and the officer gave chase. The officer did not initially realize appellant had a passenger on the back of the motorcycle. A mounted dashboard camera was activated and the officer kept in radio contact with dispatch throughout the chase which spanned over 30 miles. As the officer pursued appellant on the highway, appellant reached speeds of up to 170 m.p.h. After appellant exited the highway, he continued to travel on a state route, reaching speeds of 150 m.p.h. Eventually, appellant tried to make a left turn by railroad tracks, but slid on some stones and laid the motorcycle down. Appellant's passenger fell off of the motorcycle, while appellant took off on foot. The officer ran after appellant,

2.

deployed his taser on appellant, and ultimately was able to apprehend and arrest appellant.

{¶ 4} On September 5, 2013, appellant was indicted on one count of failure to obey police signal.

{¶ 5} On July 24, 2014, appellant was taken into custody. When appellant was arraigned on July 28, 2014, he was found to be indigent and the court appointed counsel to represent appellant. Appellant pled not guilty. A pretrial was scheduled for August 4, 2014, and a trial date was set for September 19, 2014.

{¶ 6} On September 8, 2014, the matter was before the court at which time the public defender withdrew at appellant's request and new counsel was appointed for appellant. On September 15, 2014, the trial date was vacated and a jury trial was scheduled for December 19, 2014.

{¶ 7} On September 29, 2014, the matter was before the court again, following appellant's indication to the court that he wanted to proceed pro se. Appellant's appointed counsel was removed by the court, but was instructed to act as advisory counsel for appellant. Later that day, appellant, accompanied by his advisory counsel, waived his right to a jury trial.

{¶ 8} On December 19, 2014, a bench trial was held wherein appellant acted pro se. The court found appellant guilty and sentenced him to a term of 30 months in prison. Appellant timely appealed.

3.

**Right to Counsel**

{¶ 9} A defendant has the constitutional right to counsel as well as an independent right to self-representation. *Faretta v. California*, 422 U.S. 806, 818-819, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In order to proceed pro se, however, a defendant must knowingly, voluntarily and intelligently waive the Sixth Amendment right to counsel. *Id.* at 819. As the right to counsel is a fundamental constitutional right, there is a strong presumption against waiver of the constitutional right to counsel. *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). It is the state's burden to overcome the presumption against a valid waiver. *State v. Dyer*, 117 Ohio App.3d 92, 95, 689 N.E.2d 1034 (2d Dist.1996).

{¶ 10} An effective waiver of right to counsel includes the trial court making a sufficient inquiry to decide whether a defendant fully understands and intelligently waives counsel. *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph two of the syllabus. The trial court must caution a defendant and warn of "the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta*, 422 U.S. at 835, quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942).

{¶ 11} When a defendant is charged with a serious offense, waiver of the right to counsel "shall be in writing." Crim.R. 44(C). A "serious offense" involves a felony. Crim.R. 2(C). However, an oral waiver is sufficient if the court makes "a sufficient

4.

inquiry to determine whether the defendant fully understood and intelligently relinquished his or her right to counsel." *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, paragraph two of the syllabus.

{¶ 12} With respect to the waiving of counsel when there is no written waiver, this court held in *State v. Williams*, 6th Dist. Lucas Nos. L-13-1053, L-13-1054, 2014-Ohio-2834, ¶ 26:

> In determining the sufficiency of the court's inquiry, a reviewing court considers the totality of the circumstances, including the background, experience and conduct of the accused. The court should determine whether the defendant was advised of the dangers and disadvantages of self-representation. *State v. Julian*, 6th Dist. Williams No. WM-06-009, 2007-Ohio-3568, ¶ 55.

{¶ 13} We determined in *Williams* that the trial court properly informed and cautioned the defendant regarding her decision to waive counsel. Specifically, we noted

> With respect to the waiver colloquy itself, on multiple occasions the court inquired of appellant's education and background, advised her of the charges against her and related the potential penalties should she be convicted of those charges. The court also advised appellant that, should she represent herself at trial, she would be held to the same legal standards and rules as any advocate before the bar. The court warned appellant at length that self-representation was fraught with peril and contained a high

5.

risk of failure. Appellant's response to each of these inquiries was that she understood the gravity of the situation, believed she could learn and follow the applicable court rules and appreciated and accepted the risk of self-representation.

After the first such colloquy, the court appointed an experienced trial lawyer to meet privately with appellant to discuss the perils of self-representation with respect to her specific case. The following week, after such consultation, the court repeated the entire colloquy. Again, appellant said she understood the charges and the consequences and wished to represent herself. The court repeated some version of these waiver colloquies at nearly every proceeding that followed, including just prior to jury voir dire. In each instance, appellant indicated her desire to represent herself. *Id.* at ¶ 30-31.

### Advisory Counsel

{¶ 14} The United States Supreme Court has determined that a trial court may appoint "standby counsel" to assist a defendant, even over the objection of the defendant, if and when the defendant seeks help, "and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." *Faretta*, 422 U.S. at 834, 95 S.Ct. 2525, 45 L.Ed.2d 562, fn. 46. Likewise, the Ohio Supreme Court has held that a trial court may appoint standby counsel to assist a defendant who is acting

6.

pro se after a defendant properly waives the right to counsel. *Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, at ¶ 28.

{¶ 15} Here, the facts surrounding appellant's decision to proceed without counsel are as follows. On September 8, 2014, appellant was brought before the trial court as the result of a letter appellant sent the court wherein appellant requested new counsel. The court queried appellant, "At this point your ability to communicate with [your counsel] is no longer strong and viable?" Appellant responded, "Not at all." The court appointed new counsel to represent appellant. On September 29, 2014, appellant was again before the trial court, this time with his new defense counsel. Appellant informed the court, "I'm interested in representing myself at this time." Appellant then voiced his concerns regarding his right to a speedy trial and stated, "I'm looking for a sooner trial date. I'm willing to waive jury trial of twelve of my peers and just ask for a panel jury of just you and as soon as possible." The court counseled appellant, "Now, Mr. Navarro, I hardly recommend that you continue to retain or use Mr. Gold as your attorney. If you do want to represent yourself I will appoint Mr. Gold to be your advisor. That's up to you." Appellant replied, "Yeah, that's what I'd like at this time. * * * Him to be my advisor."

{¶ 16} The bench trial was held on December 19, 2014. Appellant represented himself. No mention was made regarding appellant's right to counsel or appellant's waiver of his right to counsel. Appellant was found guilty and sentenced.

{¶ 17} A review of the record shows the trial court did not conduct a colloquy, comparable to the type administered in *Williams*, to advise appellant of the dangers and

7.

disadvantages of self-representation or to assess if appellant understood the consequences of acting pro se. Rather, the court made one remark to appellant that appellant should continue to use his appointed counsel. This passing reference cannot be construed as a warning of the perils attendant to proceeding without counsel. Moreover, the court did not have appellant sign a written waiver of counsel form, as required by Crim.R. 44.

{¶ 18} Considering the totality of the circumstances, there is some information in the record concerning appellant's background, which was elicited when appellant waived his right to a jury trial. Specifically, the court asked appellant his name, address, age, birthdate, place of birth, social security number, highest level of education, whether he understood written and spoken English, whether he was presently under care for any physical or mental problems, whether he was under the influence, whether he was completely honest with his advisor and whether he was able to understand his advisor's advice. Appellant responded appropriately to all of the court's inquiries. The record also reveals that appellant had previous involvement and experience with the criminal justice system, as he had other outstanding cases during the pendency of the present case. However, nothing in the record indicates appellant had any understanding or insight with respect to waiving his right to counsel. In the absence of any meaningful warning or inquiry by the trial court regarding appellant's election to waive counsel and proceed pro se, we can only conclude the trial court did not substantially comply with Crim.R. 44, and appellant did not knowingly, intelligently and voluntarily waive his right to counsel.

8.

Accordingly, appellant's assignment of error is well-taken. We therefore reverse and remand for a new trial. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                                     _____

_____

_____
JUDGE

Stephen A. Yarbrough, P.J.      

_____
JUDGE

James D. Jensen, J.           
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.