[Cite as *State v. Navarro*, 2017-Ohio-611.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                                  Court of Appeals No. WD-16-024

    Appellee                                            Trial Court No. 13 CR 472

v.

Brandon Navarro                                        **DECISION AND JUDGMENT**

    Appellant                                           Decided:  February 17, 2017

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, Martha S.
Schultes and David T. Harold, Assistant Prosecuting Attorneys,
for appellee.

Stephen D. Long, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Brandon Navarro, appeals the April 19, 2016 judgment of the
Wood County Court of Common Pleas convicting him, following a jury trial, of failure to
obey a police signal with specification in violation of R.C. 2921.331(B) and (C)(5)(a)(ii),
a felony of the third degree.  Finding no error on record, we affirm.

**Background Facts**

{¶ 2} On July 17, 2013, appellant was operating a motorcycle at high speed on Interstate 75 with no taillight or license plate. An officer observed appellant, activated his lights and sirens, and pursued appellant. The officer's visible and audible signals indicated to appellant that he must stop.

{¶ 3} Despite the signals, appellant accelerated and the officer gave chase for approximately 29 minutes. Appellant had a passenger on the motorcycle during the chase. A mounted dashboard camera was activated and the officer kept in radio contact with dispatch throughout the chase.

{¶ 4} As the officer pursued appellant on the highway, appellant reached speeds up to 170 m.p.h. After exiting the highway, appellant continued to travel on a state route, reaching speeds of 150 m.p.h. Appellant eventually slid and laid the motorcycle down. Appellant's passenger fell off the motorcycle, while appellant ran on foot. The officer ran after appellant, deployed his taser, and ultimately was able to arrest appellant. Appellant indicated he had no intention of stopping or obeying the signals.

{¶ 5} On September 5, 2013, appellant was indicted on one count of failure to obey a police signal with specification. Appellant pled not guilty and proceeded to bench trial, which was held on December 19, 2014.

{¶ 6} During trial, appellant acted pro se. The trial court did not conduct a colloquy, and "nothing in the record indicate[d] appellant had any understanding or insight with respect to waiving his right to counsel." *See State v. Navarro*, 6th Dist.

2.

Wood No. WD-14-087, 2015-Ohio-4063, ¶ 18. This court reversed and remanded on September 30, 2015.

{¶ 7} On remand, the matter was set for jury trial on April 7, 2016. At trial, appellant's passenger and the officer testified as witnesses. The passenger expressed the fear she had, and how she attempted to get appellant to stop, during the chase. The officer testified to the speed of the chase and how risky appellant's actions were based on what transpired. The jury was presented with the dashboard video, as the officer described the scenes.

{¶ 8} Appellant was found guilty by jury verdict and was sentenced to 30 months incarceration and, upon release, subject to three years postrelease control. The judgment was journalized April 19, 2016. It is from this judgment appellant timely appeals.

### *Anders* **Brief**

{¶ 9} On July 25, 2016, appellant's counsel filed a request to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel asserted, after thoroughly reviewing the transcript of proceedings and the applicable case law, no meritorious assignments of error could be presented. Counsel did, however, submit two potential assignments of error:

1. APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS NOT SUPPORTED BY THE SUBSTANTIAL WEIGHT OF THE EVIDENCE.

3.

2.  APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE

OF COUNSEL.

{¶ 10} The state also filed a brief, concurring with the conclusion that there was no arguable basis for a valid assignment of error and urging this court to permit counsel to withdraw.

{¶ 11} The procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue is set forth in *Anders*, as well as *State v. Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978).  In *Anders*, the U.S. Supreme Court found if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, counsel should so advise the court and request permission to withdraw.  *Anders* at 744.  This request must be accompanied by a brief identifying anything in the record which could arguably support the appeal.  *Id*.  In addition, counsel must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters the client so chooses.  *Id*.  Once the requirements are fulfilled, the appellate court must conduct a full examination of the proceedings and decide if the appeal is indeed frivolous.  *Id*.  If the appellate court determines the argument is frivolous, it may grant counsel's request to withdraw and dismiss the appeal or it may proceed to a decision on the merits.  *Id*.

{¶ 12} Here, appellant's counsel has satisfied the requirements set forth in *Anders*.  Appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw.  Consequently, we shall proceed with an examination of the potential

4.

assignments of error and the record, to determine if this appeal lacks merit and is frivolous.

## Appellant's Charge

{¶ 13} R.C. 2921.331(B) and (C)(5)(a)(ii) provide that it is a third-degree felony to cause "a substantial risk of serious physical harm to persons or property" while operating "a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop."

## Potential Assignment of Error No. 1

{¶ 14} Appellant's counsel first submits review for sufficiency and manifest weight. The court must determine if the conviction was amply supported by the evidence on record.

{¶ 15} On review for sufficiency, this court examines the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* at paragraph two of the syllabus.

{¶ 16} On review for manifest weight, this court determines whether the greater amount of credible evidence supports the verdict. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 12; *State v. Thompkins*, 78 Ohio St.3d 380, 387,

5.

678 N.E.2d 541 (1997). "A manifest weight of the evidence challenge contests the believability of the evidence presented." (Citation omitted.) *State v. Wynder*, 11th Dist. Ashtabula No. 2001-A-0063, 2003-Ohio-5978, ¶ 23. The court, as if the "thirteenth juror," must review the record, weigh the evidence and reasonable inferences drawn from it, consider the witnesses' credibility and decide, in resolving any conflicts in the evidence, whether the trier-of-fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Prescott*, 190 Ohio App.3d 702, 2010-Ohio-6048, 943 N.E.2d 1092, ¶ 48 (6th Dist.).

{¶ 17} Here, our review of the entire record, including the witness testimony and dashboard video, supports that appellant caused substantial risk to his passenger's life as he willfully fled after receiving signals from the officer to stop. We find the state met its burden of production and persuasion based on the evidence presented below.

{¶ 18} Accordingly, the first potential assignment of error has no merit.

## Potential Assignment of Error No. 2

{¶ 19} Appellate counsel next submits review of appellant's trial counsel. The court must determine if trial counsel violated any duties or rendered services which fell below the standard.

{¶ 20} In evaluating ineffective assistance of counsel claims, the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." *State v. Hester*, 45 Ohio St.2d 71, 341 N.E.2d 304 (1976), paragraph four of the syllabus; *see also Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052,

6.

80 L.Ed.2d 674 (1984). A court must determine "whether there has been a substantial violation of any of defense counsel's essential duties to his client" and "whether the defense was prejudiced by counsel's ineffectiveness." *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999). To show prejudice, the defendant must prove "that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus.

{¶ 21} Here, we find no error in counsel's trial strategy. The record reveals appellant's counsel cross-examined the witnesses, made objection during trial, and argued against appellant's conduct being a substantial risk— in effort to mitigate the charge. Counsel even attempted to seek a sentence reduction, highlighting facts such as appellant being a GED instructor. Therefore, we find counsel had sound trial strategy in mounting a defense for appellant and there is nothing on record to support that a substantial violation of counsel's essential duties occurred.

{¶ 22} Furthermore, even if counsel committed errors that were deemed a violation of essential duties, the amount of evidence supporting appellant's conviction is nevertheless overwhelming. We are not convinced that were it not for counsel's alleged ineffectiveness the result would be different. The second proposed assignment of error is without merit.

{¶ 23} Last is our examination of the record to determine whether this appeal is frivolous. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. Review of the record

7.

does not reveal any errors which would justify reversal. We find this appeal to be wholly frivolous, and counsel's request to withdraw is found well-taken and granted.

## Conclusion

{¶ 24} The judgment of the Wood County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay costs of this appeal pursuant to App.R. 24. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                                             JUDGE

Arlene Singer, J.         

                                                            _____
Thomas J. Osowik, J.                                          JUDGE
CONCUR.

                                                               _____
                                                                                 JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.