THE STATE OF OHIO, APPELLEE, *v.* EDWARDS, APPELLANT.

[Cite as State v. Edwards, 4 Ohio App. 2d 261.]

(No. 276—Decided March 1, 1965.)

*Mr. Paul Bertram,* city prosecutor, for appellee.
*Mr. Walter J. Morey,* for appellant.

BROWN, J.   The Marietta Municipal Court, sitting without a jury, tried and adjudged appellant guilty of driving a motor vehicle while under the influence of intoxicating liquor in violation of Section 4511.19 of the Ohio Revised Code, on September 11, 1964, according to the transcript of docket and journal entries.   Appellant appeals the judgment on a question of law. He asserts as error that the lower court erred to the prejudice of appellant, Dell Upton Edwards, by denial of his constitutional right to a trial by jury.

The facts are as follows: On July 23, 1964, appellant was arrested by the State Highway Patrol.   On July 24, an affidavit was filed against him alleging a violation of the above statute. From the transcript of docket and journal entries appear the following entries.   Nothing else reflects what happened in that court of record.

"The Marietta Municipal Court of Marietta, Ohio
"Date Filed      July 24, 1964.

| "Case No. 13433 | | Charge: O. M. V. I. |
| "Plaintiff | state of Ohio | Bond: $800. |
| "Defendant | Dell Upton Edwards | Arresting officer: Ptl. R. L. Collins |

"Attorney for plaintiff    Paul Bertram
"Attorney for defendant    Walter J. Morey

| "Date | Judge | Proceedings |
|---|---|---|
| "1964 | | |
| "July 24 | Sauer | Affidavit filed. |
| "July 24 | | Plea of not guilty. |
| "July 24 | | Bond set for $500.  Hearing July 30th, 1964. |
| "July 30 | | Upon request of prosecution, this case is continued until August 7, 1964 for hearing.  Bond continued. |
| "August 5 | | Demand for jury trial not filed timely. Jury trial not granted.  Hearing before court continued until August 20, 1964. |

| | |
|---|---|
| "August 7 | Continued for hearing on August 20, 1964. Bond continued. At defendant request. |
| "August 20 | Continued at request of defendant and with consent of prosecution to September 11, 1964. |
| "September 11 | Motion to continue submitted and denied. Case called. Trial concluded. Verdict of guilty. Driving rights revoked for one year. Fine of $200. Seven days in the county jail. Imposition of sentence postponed to September 16, 1964. Bond of $500 released. New bond for $800. |
| "September 16 | Notice of Appeal filed." |

According to the brief, appellant appeared at arraignment without counsel. There is no indication in the record that the Municipal Court followed Section 2937.02, Revised Code, announcing the charge and advising the appellant of his rights.

The record next shows a demand for a trial by jury, filed by the attorney for appellant, on August 5, 1964. A special delivery envelope shows a postmark from Elyria, Ohio, dated August 4, 1964. Next is a letter indicating a denial of the demand. A new demand was filed September 3, 1964. Trial was not held until September 11, 1964.

The record indicates no formal notice of trial was ever given or sent to appellant in writing. Below the affidavit charging the offense there are the following handwritten notations, the first part of which was in the same handwriting as the signer of the affidavit charging the offense, one Ptl. R. C. Collins, O. S. H. P.

"D. O. B. 7-28-98
"OL No. J475 485
"Add.    709 Bond St.
        Elyria, Ohio.
"Court:   7-24-64."
Then written in another handwriting is the following:
"Not guilty
"7-30-64

"August 4, 1964
"20."

There is no indication who made these last writings or what they signify.

Effective October 19, 1961, the Municipal Court Act was amended to provide that Section 1901.24 read as follows:

"Any cause in a Municipal Court, either civil or criminal, shall be tried to the court unless a jury trial is demanded in writing by a party entitled to the same. * * * In any criminal case in which the accused desires a jury trial, a demand for a jury trial must be made by the accused or his attorney. Such demand must be in writing and filed with the clerk of court not less than three days prior to the date set for trial, or on or before the day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this section is a complete waiver of the right thereto. * * *"

Formerly, this section read, in applicable part:

"In any crimnal case in which the accused is entitled to a jury trial, a demand for a jury trial must be made by the accused before the court shall proceed to inquire into the merits of the cause, otherwise a jury shall be deemed to be waived."

The reason for the adoption of the three-day written demand for a jury trial under Section 1901.24, *supra,* was, of course, to expedite the orderly adminstration of justice and to prevent last minute demands which would result in continuances in order that a jury might be summoned. Often witnesses were summoned and present on the expectation that a trial was to be held and they would have to be sent home after an unexpected jury demand, to be recalled when the case was reset and the jury could be present. This caused expense and frustration to cities, counties, courts, prosecutors, and witnesses alike, and often resulted in a day's loss of time in the dispatch of the court's business. Of course, the right to trial by jury is a citizen's right and not one of a prosecutor or a judge, and any attempt to abridge it is always met with concern.

Historically, the right to trial by jury was thought to be first secured to English speaking and freedom loving peoples by the Magna Charta in 1215 A. D. It was a sacred part of the

common law espoused by Blackstone and set forth in the Constitution of the United States. It was provided for in Article II of the Ordinance of 1787 and in the Constitution of the state of Ohio, and perpetuated in all the amendments to that Constitution.

Section 5, Article I of the Ohio Constitution, provides the right of trial by jury shall be inviolate. Section 10, Article I, states in part ''The party accused shall be allowed * * * a speedy public trial by an impartial jury * * *.''

In the words of Judge Ranney, in *Work* v. *State,* 2 Ohio St. 296, "By the first of these sections [Section 5], the *right* of jury trial is recognized to exist, and its continuance unimpeached is provided for. By the last [Section 10] this right is declared to belong to every person accused of any crime or offense, in any court of the state."

Webster's Third New International Dictionary (1963), defines "inviolate" as free from change or blemish; inviolable.

Yet, statutes in Ohio of the nature of Section 1901.24 have been held as not violating the constitutional provisions guaranteeing the right to jury trial. *Hoffman* v. *State,* 98 Ohio St. 137. The predecessor statute of Section 1901.24 was held valid in *State* v. *Leese,* 102 Ohio App. 416.

We do not think it necessary to decide that the addition of the three-day written demand requirement by the amendment of Section 1901.24 is an abridgement of the right to trial by jury. We recognize the attitude of the so-called ''civil liberties'' United States Supreme Court. We recognize also that for economic reasons cases such as this one rarely are presented squarely before either the Supreme Court of Ohio or the United States Supreme Court. We recognize further that it was in the spirit of protecting the rights of accused persons that Section 2937.02 was adopted. That section was enacted by the Legislature as the result of the highest judicial pronouncements to require courts to inform persons accused of crime of their constitutional rights, both state and federal.

Ordinarily, a jury trial once waived cannot be demanded. It is within the sound discretion of the trial court to permit withdrawal of a waiver. See 31 American Jurisprudence 50, Section 46. Yet, in view of present day United States Supreme Court thinking, there may be a serious question as to the abuse

of the trial court's discretion. See *People* v. *Melton,* 125 Cal. App. 2d 901, 271 P. 2d 962, 46 A. L. R. 2d 914, which sets forth most of the applicable authority on this subject. Where a request for jury trial is made sufficiently in advance of the actual trial as not to interfere with the orderly administration of the business of the court and will not result in any unnecessary delay or inconvenience to witnesses or prejudice to the state, it may well be an abuse of discretion for the trial court to deny a jury trial. See *People* v. *Osman,* 195 Cal. App 2d 151.

Without considering the constitutional or abuse of discretion grounds, our decision is that the real meaning that the Legislature imputed in Section 1901.24 is that three days before the date set for trial means three days before the date set for the actual trial, no matter how many continuances for whatever reasons may have been had. We see nothing in this record to indicate that the orderly process of the Marietta Municipal Court would have been disturbed by granting this defendant a trial by jury, particularly after twice demanding the same in writing more than three days before the actual trial was held.

In the interest of justice, therefore, we determine that prejudicial error was made by the trial court by the denial to this defendant of a trial by jury under the unusual facts of this case and the state of this record. This result is buttressed because no affirmative showing of compliance with Section 2937.02 is noted in the record. Accordingly, we will set aside the judgment of the trial court and remand this cause to the Marietta Municipal Court for further proceedings according to law.

*Judgment reversed.*

CARLISLE and GRAY, JJ., concur.