THE STATE OF OHIO
[CITY OF WILLARD], APPELLEE, *v.*
BURTON, APPELLANT.

(No. H-87-13—Decided
February 5, 1988.)

*K. Alec Thornton,* for appellee.
*Ernest J. Mullins,* for appellant.

*Per Curiam.* This case is before the court on direct appeal from a decision of the Norwalk Municipal Court. The facts giving rise to this case are as follows.

On January 9, 1987, defendant-appellant, Joseph D. Burton, was arrested and charged with driving under the influence of alcohol in violation of R.C. 4511.19. Appellant appeared in Norwalk Municipal Court, at which time he pled not guilty and requested an appointed attorney. The public defender's office was appointed to represent him and trial was set for January 26, 1987. Appellant did not contact the public defender's office until January 22, 1987. On January 23, 1987, the public defender's office filed a demand for a jury trial. At the request of the public defender, the trial date was continued to March 4, 1987. On February 13, 1987, the public defender's office made a second request for a continuance which was granted

and trial was set for March 27, 1987. A hearing was held on defendant's jury demand on March 4, 1987, at which time the judge denied the demand for a jury trial on the ground that it was untimely filed. On March 27, 1987, the case was tried to the bench and appellant was found guilty. Appellant filed a timely notice of appeal and sets forth the following assignment of error:

"The trial court erred in denying the appellant a jury trial as provided by law."

The lower court concluded that appellant's jury demand failed to comply with Crim. R. 23(A), which provides in part:

"* * * In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto."

Appellee argues that because appellant failed to make his demand more than ten days prior to the original date set for trial, he permanently waived his right to do so. This court does not agree.

The purpose behind Crim. R. 23(A) is to ensure that criminal defendants do not wait until they have reached the courthouse steps on the day of trial to demand a jury. This would result in undue delay and expense and possibly prejudice the state. However, this is not the situation in the case *sub judice.* Where a demand for a jury trial is made far enough in advance of the actual trial date so as to remove these concerns of delay and prejudice, it is improper to deny a jury trial. See *State*

v. *Edwards* (1965), 4 Ohio App. 2d 261, 31 O.O. 2d 390, 208 N.E. 2d 758.

This court has found nothing in the record to indicate that the operation of the Norwalk Municipal Court would be disturbed in any way by the granting of this jury demand. Further, we find that the state would suffer no prejudice by allowing a jury trial in this specific situation. In light of the foregoing, we find appellant's assignment of error well-taken.

On consideration whereof, the court finds that the defendant was prejudiced and prevented from having a fair trial, and the judgment of the Norwalk Municipal Court is reversed. This cause is remanded to said court for a new trial by jury. It is ordered that appellee pay the court costs of this appeal.

*Judgment reversed*
*and cause remanded.*

HANDWORK, P.J., RESNICK and GLASSER, JJ., concur.