[Cite as *State v. Williams*, 2011-Ohio-2231.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                     |   | JUDGES:                        |
|---------------------|---|--------------------------------|
|                     |   | Hon. W. Scott Gwin, P.J.       |
| STATE OF OHIO       | : | Hon. William B. Hoffman, J.    |
|                     | : |                                |
| Plaintiff-Appellee  | : | Hon. Patricia A. Delaney, J.   |
|                     | : |                                |
| -vs-                | : |                                |
|                     | : | Case No. 10CA000019            |
| R. LEROY WILLIAMS   | : |                                |
|                     | : |                                |
| Defendant-Appellant | : | O P I N I O N                  |

CHARACTER OF PROCEEDING:     Criminal appeal from the Mount Vernon
                             Municipal Court, Case No. 10CRB598

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      May 10, 2011

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

WILLIAM D. SMITH                        CHRISTOPHER W. ZUERCHER
LAW DIRECTOR                            305 East High Street
BY: P. ROBERT BROEREN, JR.              Mount Vernon, OH 43050
5 north Gay Street, Ste. 222
Mount Vernon OH 43050

*Gwin, P.J.*

{¶1} Defendant R. Leroy Williams appeals a judgment of the Municipal Court of Mount Vernon, Knox County, Ohio, which convicted him of criminal trespass in violation of Section 541.05 of the Ordinances of the City of Mount Vernon. Appellant assigns a single error to the trial court:

{¶2} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S DEMAND FOR A JURY TRIAL."

{¶3} The record indicates appellant was arraigned on July 16, 2010 and pled not guilty to one count of criminal trespass, a fourth degree misdemeanor, and disorderly conduct, a minor misdemeanor. [The disorderly conduct conviction is not a part of this appeal.] The court set the matter for pre-trial on August 4, 2010, and for trial to the bench on August 18, 2010. Appellant signed a time waiver and requested a continuance of the August 18 trial on August 13, 2010, because counsel had not received the entire discovery requested, and he required more time to review the discovery and/or prepare for trial. The court re-set the matter for September 15, 2010.

{¶4} On September 8, 2010, appellant filed a demand for a jury trial and a motion to continue the trial. The court overruled the motions, and appellant's counsel again raised the matter on September 15th, prior to the trial. Counsel conceded the jury demand was untimely, but asserted case law permitted the court to consider it unless there is some prejudice to the State or some compelling reason why the court could not grant the request for a jury. Appellant's counsel asserted appellant had always understood that he was going to have a jury trial, and it was counsel's error that the

demand was not filed in a timely manner.  The court again overruled the motion and the trial proceeded to the bench.

{¶5}   Crim. R. 23 states in pertinent part:

{¶6}    "(A) Trial by jury

{¶7}   In serious offense cases the defendant before commencement of the trial may knowingly, intelligently and voluntarily waive in writing his right to trial by jury. Such waiver may also be made during trial with the approval of the court and the consent of the prosecuting attorney. In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto."

{¶8}   Appellant argues Ohio courts have not interpreted the statutory time limit strictly.  For example, appellant cites us to *State v. Burton* (1988), 39 Ohio App. 3d 151, 530 N.E. 2d 955, wherein the court appointed a public defender to represent the defendant, but the defendant waited until four days before the trial to contact the Public Defender's office.  Three days before the scheduled trial, the public defender filed a demand for jury trial and a motion for continuance. The court sustained the motion for continuance but did not rule on the jury demand. Subsequently, the court continued the matter a second time on defendant's motion, and then overruled the demand for jury trial on the ground that it was not timely.  The Court of Appeals for the Sixth District found the purpose of the Rule was to ensure defendants did not wait until the day of trial

to demand a jury because this would result in undue delay and expense and possibly prejudice the State. The court found the appellant made his demand for jury trial far enough in advance of the actual trial date, so as to alleviate any concerns of delay or prejudice. The court concluded the trial court erred in overruling the motion for a jury trial.

{¶9} Likewise in *State v. Scott* (1997), 123 Ohio App.3d 331, 704 N.E.2d 265, the notice the defendant's case was set for trial was not filed until three days prior to the trial date. The defendant had made an oral jury demand but had not submitted a written request. He offered to sign one the morning of the trial and the trial court refused to accept it. The Court of Appeals for the Second District held the court should have afforded the defendant a jury trial because it was not the defendant's fault the jury demand was untimely. These cases are distinguishable from the case at bar.

{¶10} Appellant also cites us to S*tate v. Tackett,* Jackson App. No. 04CA12, 2005-Ohio-1437. In *Tackett,* the pro se defendant was charged with domestic violence. At arraignment defendant viewed a video recording advising him of his rights, and he stated he understood them. He did not file a written request for a jury trial. The record revealed the defendant was actually uncertain about whether he had a right to a jury and how to obtain one, but when he appeared before the trial court, it did not answer his questions. The Court of Appeals for the Fourth District found on these facts, the court could not presume appellant had waived his right to a jury trial. This case is also distinguishable from the case at bar.

{¶11} Appellant argues the State made no allegation it would be prejudiced or any witnesses would be inconvenienced if the court continued the matter. Appellant

asks us to find that the motion, although untimely, was nevertheless made sufficiently in advance of the actual trial date, and thus, the court should have afforded him a jury trial.

{¶12} Appellant received one continuance of the trial, and had the court granted the request for jury trial the matter would have continued it a second time.

{¶13} We find the trial court did not err in denying the second motion for continuance and jury demand because the demand was untimely, and appellant had already received one continuance of the matter.

{¶14} The assignment of error is overruled.

{¶15} For the foregoing reasons, the judgment of the Municipal Court of Mount Vernon, Knox County, Ohio, is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. PATRICIA A. DELANEY

WSG:clw 0426

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :

          Plaintiff-Appellee          :

                         :

-vs-                                   :        JUDGMENT ENTRY

R. LEROY WILLIAMS                      :

          Defendant-Appellant       :        CASE NO. 10CA000019

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Mount Vernon, Knox County, Ohio, is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. PATRICIA A. DELANEY