[Cite as *State v. Sims*, 2016-Ohio-5316.]

STATE OF OHIO, MAHONING COUNTY
IN THE COURT OF APPEALS
SEVENTH DISTRICT

STATE OF OHIO,                    )
                                  )
    PLAINTIFF-APPELLEE,           )
                                  )        CASE NO. 14 MA 0027
V.                                )
                                  )        OPINION
ROBBIE SIMS,                      )
                                  )
    DEFENDANT-APPELLANT.          )

CHARACTER OF PROCEEDINGS:         Criminal Appeal from Youngstown
                                  Municipal Court of Mahoning County,
                                  Ohio
                                  Case No. 2013CRB2622

JUDGMENT:                         Motion to Reopen Sustained
                                  Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellee            Dana Lantz
                                  Prosecutor
                                  Kathleen Thompson
                                  Assistant Prosecutor
                                  26 S. Phelps Street, 4th Floor
                                  Youngstown, Ohio 44503

For Defendant-Appellant          Attorney Richard J. Hura
                                  9 East Park Avenue
                                  Columbiana, Ohio 44408

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L Waite
Hon. Mary DeGenaro

Dated: August 1, 2016

DONOFRIO, P.J.

{¶1}  Defendant-appellant Robbie Sims has filed a timely application to reopen his direct appeal after this Court's December 16, 2015 decision in *State v. Sims*, 7th Dist. No. 14 MA 27, 2015-Ohio-5454.  In that appeal, Sims's appointed appellate counsel raised two assignments of error.  The first assignment of error was that his conviction was against the manifest weight of the evidence.  The Court found that assignment of error without merit and affirmed his conviction.  The second assignment of error was that he was not afforded his right to allocution.  The Court found merit to that assignment of error and reversed and remanded the matter for resentencing.

{¶2}  In this application to reopen, Sims argues that he was denied the effective assistance of appellate counsel when that counsel failed to raised an assignment of error relative to the improper denial of his jury demand in the trial court which prejudiced him in the outcome of his appeal.  Pursuant to App.R. 26(B)(1), a criminal defendant may seek reopening based upon a claim of ineffective assistance of counsel.  The defendant must set forth any assignments of error not considered on the merits or considered on an incomplete record due to appellate counsel's deficient representation. App.R. 26(B)(2)(c).  The application shall be granted if there is a genuine issue as to whether the defendant was deprived of the effective assistance of counsel. App.R. 26(B)(5).

{¶3}  In determining whether a defendant received ineffective assistance of appellate counsel, we ask whether there exists deficient performance falling below an objective standard of reasonableness and prejudice in that there is a reasonable probability the result of the appeal would have been different but for serious error. *See State v. Were,* 120 Ohio St.3d 85, 2008-Ohio-5277, 896 N.E.2d 699, ¶¶ 10-11, citing *Strickland v. Washington,* 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Appellant has the burden of demonstrating a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of appellate counsel. *Id.* at ¶ 11.

{¶4}  The assignment of error that Sims contends his appointed appellate counsel failed to raise and argue in the initial appeal is as follows:

The trial court was without jurisdiction to conduct a bench trial in this matter, and violated Appellant's Sixth and Fourteen [sic] Amendment rights by holding a bench trial, as Appellant timely filed a jury demand requiring reversal of conviction and a jury trial to be held.

{¶5} Sims, through appointed trial counsel, filed a jury demand on Monday, February 3, 2014, nine days prior to trial. Crim.R. 23(A) requires that the jury demand be filed "not less than ten days prior to the date set for trial." The trial court denied Sims's jury demand as untimely. Sims essentially argues that since the deadline for filing the jury demand fell on Sunday the trial court should have afforded him to the next working day to file the demand which was Monday, February 3, 2014.

{¶6} Sims's principal authority in support of this argument comes from the "last day of the period so computed" language of Crim.R. 45 governing the computation of time as it pertains to the criminal rules:

> **(A) Time: Computation.** In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included. *The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not Saturday, Sunday, or legal holiday.* When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in computation.

(Emphasis added.)

{¶7} It should be noted the Ohio Supreme Court, not the General Assembly, promulgated the Rules of Criminal Procedure pursuant to the authority conferred by Section 5(B), Article IV of the Ohio Constitution. This Court's interpretation of Crim.R. 45 and its interplay with Crim.R. 23(A) is guided by Crim.R. 1(B), which

states:

> **(B) Purpose and Construction.** These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed and applied to secure the fair, impartial, speedy, and sure administration of justice, simplicity in procedure, and the elimination of unjustifiable expense and delay.

*See*, *also*, R.C. 2901.04(B) ("[r]ules of criminal procedure * * * shall be construed so as to effect the fair, impartial, speedy and sure administration of justice"). Moreover, Crim.R. 57(B) notes that "[i]f no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with [the] rules of criminal procedure."

{¶8} The State argues that Crim.R. 45 does not affect the computation of time for a jury demand under Crim.R. 23(A) because the "last day of the period so computed" would be the day on which the trial has been scheduled, not the preceding tenth day. In other words, since a trial court would not schedule a trial on a Saturday, Sunday, and legal holiday, the State argues that Crim.R. 45(A) does not apply to the computation set forth in Crim.R. 23(A).

{¶9} The State's argument is unpersuasive. Crim.R. 23(A) clearly directs that the ten days is to be computed *from* the date set for trial:

> **(A) Trial by Jury.** * * * In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court *not less than ten days prior to the date set for trial*, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto.

(Emphasis added.) Although Crim.R. 23(A) is worded in such a way that the computation is made by calculating ten days preceding the date set for trial, it is

nevertheless a computation to which Crim.R. 45 applies. The purpose and intent behind Crim.R. 45 would seem to be to provide the greatest degree of fairness to criminal defendants by allowing for filing on the next business day when the time period expires on a day of court closure. Here, since the tenth day fell on Sunday, Sim's jury demand filed on Monday should have been considered timely.

{¶10} It is noteworthy that even in instances where a criminal defendant has failed to make their jury demand more than ten days prior to the original date set for trial, courts have found that they have not necessarily permanently waived their right to do so:

> The purpose behind Crim.R. 23(A) is to ensure that criminal defendants do not wait until they have reached the courthouse steps on the day of trial to demand a jury. This would result in undue delay and expense and possibly prejudice the state. * * * Where a demand for a jury trial is made far enough in advance of the actual trial date so as to remove these concerns of delay and prejudice, it is improper to deny a jury trial.

*State v. Burton*, 39 Ohio App.3d 151, 151-152, 530 N.E.2d 955 (6th Dist.1988)

{¶11} In this instance, there is nothing in the record to indicate that the operation of the trial court would have been disturbed in any way by the granting of this jury demand. Further, we find that the State would suffer no prejudice by allowing a jury trial in this specific situation.

{¶12} In conclusion, under the facts and circumstances of this case, we find that Sims has met both prongs of the *Strickland* standard. The failure herein to raise the constitutional issue of the defendant's right to a jury trial constitutes deficient performance. Also, since Sims had a "reasonable probability" of success if this claim had been asserted, appellate counsel's failure to do so was prejudicial.

{¶13} Accordingly, Sim's assignment of error has merit and his motion to reopen the appeal is sustained. The judgment of the trial court is reversed and this case remanded for further proceedings according to law and consistent with this

Court's opinion with instructions to vacate Sim's conviction and allow for Sim to have a jury trial if that is how he so chooses to proceed. This Court's original December 16, 2015 decision in *State v. Sims*, 7th Dist. No. 14 MA 27, 2015-Ohio-5454, is otherwise set aside as moot.

Waite, J., concurs.

DeGenaro, J., dissents with attached dissenting opinion.

DeGenaro, J. dissenting.

{¶14} Because Sims failed to object to the denial of his jury demand on the record in the trial court, he has waived this argument on appeal. *State v. Allen*, 8th Dist. No. 90552, 2008-Ohio-5251, ¶ 6. The right to a jury trial in a criminal case is " 'not an absolute and unrestricted right in Ohio with respect to misdemeanors * * *.' " *State v. Brooks*, 7th Dist. No. 05MA31, 2006-Ohio-4610, ¶ 57, quoting *City of Mentor v. Giordano,* 9 Ohio St. 2d 140, 224 N.E.2d 343 (1967), paragraph one of the syllabus. Thus, appellate counsel cannot be deemed ineffective.