[Cite as *State v. Palacios*, 2017-Ohio-8674.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                    Court of Appeals No. E-16-071

    Appellee                              Trial Court No. CRB 1600046AB

v.

Ashley A. Palacios                               **DECISION AND JUDGMENT**

    Appellant                             Decided:  November 22, 2017

* * * * *

Wayne R. Nicol, City of Vermilion Prosecuting Attorney, for appellee.

Jack W. Bradley and Jason S. Harless, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Ashley Palacios, appeals the December 2, 2016 judgment of the
Vermilion Municipal Court which, following a trial to the court where she was found
guilty of domestic violence and child endangering, sentenced her to 180 days in jail, 150
days suspended, probation, and a fine.  For the reasons that follow, we reverse.

**{¶ 2}** On February 25, 2016, a complaint was filed against appellant charging her with two first-degree misdemeanors: one count of endangering children, in violation of R.C. 2919.22(B)(1), and one count of domestic violence, in violation of R.C. 2919.25(A). Appellant entered not guilty pleas to the charges.

**{¶ 3}** On April 7, 2016, the matter was set for a jury trial commencing on May 25, 2016. Appellant filed a written motion for a jury trial on May 18, 2016. The state opposed the motion arguing that pursuant to Crim.R. 23(A), the motion was untimely and, thus, appellant's right to a jury trial had been waived. The court granted the state's motion and the matter proceeded to a trial to the court.

**{¶ 4}** On May 31, 2016, the trial court entered its judgment finding appellant guilty of the charges. On June 6, 2016, after retaining new counsel, appellant filed a motion for a new trial arguing that her attorney was ineffective by failing to properly request a jury trial, failing to request a competency hearing for the five-year-old child-victim, and failing to subpoena various defense witnesses. Appellant further argued that the court had been made aware of her request for a jury trial weeks prior and had ordered the clerk to call potential jurors; thus, the purpose of Crim.R. 23, to prevent delay and potential prejudice to the state, was not offended.

**{¶ 5}** In response, the state argued that ineffective assistance of counsel was not a proper basis for a new trial under Crim.R. 33. The state disputed appellant's additional arguments.

2.

**{¶ 6}** On August 24, 2016, the trial court denied the motion. As to the request for a jury trial, the court found that the ten-day written notice requirement in Crim.R. 23 was mandatory. The court further rejected appellant's ineffective assistance of counsel claim finding that appellant presented no showing of a reasonable probability that she would not have been convicted by a jury. Finally, the court found that the statements made by the child victim to his pediatrician were an exception to the hearsay rule under Evid.R. 803(4), irrespective of whether the child has been deemed competent to testify.

**{¶ 7}** By agreement of the state, appellant was sentenced on the domestic violence charge only to 180 days in jail with 150 days suspended, placed on probation, and ordered to pay a fine. This appeal followed with appellant raising four assignments of error for our review:

> First Assignment of Error: The trial court committed a plain error when failing to conduct an inquiry into the competency of the complaining witness due to his age.

> Second Assignment of Error: The trial court committed a prejudicial error when permitting testimonial hearsay evidence to be admitted without proper inquiry into the facts surrounding the testimony.

> Third Assignment of Error: Ms. Palacios was deprived of her constitutionally guaranteed right to the effective assistance of counsel by trial counsel's deficient performance.

3.

Fourth Assignment of Error: The trial court erred when it denied the defendant's motion for a new trial.

{¶ 8} We will address appellant's fourth assignment of error as it is dispositive. Appellant argues that the trial court erred when it denied her motion for a new trial. Appellant claims she is entitled to a new trial under Crim.R. 33(A) which provides, in relevant part:

(A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

(1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;

* * *

(3) Accident or surprise which ordinary prudence could not have guarded against;

(4) That the verdict is not sustained by sufficient evidence or is contrary to law. If the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified;

4.

(5) Error of law occurring at the trial;

(6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

{¶ 9} A trial court's denial of a motion for new trial is reviewed under an abuse of discretion standard. *State v. Schiebel*, 55 Ohio St.3d 71, 76, 564 N.E.2d 54 (1990). An abuse of discretion implies an unreasonable or arbitrary attitude of the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 10} In addition to various claims of ineffective assistance of trial counsel, appellant's motion for new trial also argued that her rights were violated when the trial court refused to allow her case to proceed to a jury trial. Crim.R. 23(A) provides:

In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten

5.

days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto.

{¶ 11} A criminal defendant's right to a jury trial in Ohio is secured by Article I, Section 10 of the Ohio Constitution and R.C. 2945.17. However, as Crim.R. 23(A) states, a defendant charged with a petty offense, or one with a potential period of incarceration of six months or less, may have his or her right to a jury trial conditioned on the timely filing of a written jury demand. This court and courts in Ohio have consistently held that these requirements are mandatory and failure to comply constitutes a waiver of a jury trial. This is so in order to ensure that "criminal defendants do not wait until they have reached the courthouse steps on the day of trial to demand a jury. This would result in undue delay and expense and possibly prejudice the state." *State v. Burton*, 39 Ohio App.3d 151, 151, 530 N.E.2d 955 (6th Dist.1988). However, "[w]here a demand for a jury trial is made far enough in advance of the actual trial date so as to remove these concerns of delay and prejudice, it is improper to deny a jury trial." *Id.* at 151-152, citing *State v. Edwards*, 4 Ohio App.2d 261, 208 N.E.2d 758 (4th Dist.1965). *Accord, State v. Sims*, 7th Dist. Mahoning No. 14 MA 0027, 2016-Ohio-5316; *State v. Tackett*, 4th Dist. Jackson No. 04CA12, 2005-Ohio-1437.

6.

**{¶ 12}** Finding that the rule's objective was not frustrated absent a timely, written jury request, the Eleventh Appellate District vacated a misdemeanor conviction and remanded the matter for a jury trial. *State v. Palo*, 11th Dist. Ashtabula No. 2002-A-0095, 2005-Ohio-6906. In *Palo*, at the initial pretrial the court asked the defendant whether he had filed a jury demand; defense counsel responded negatively but, when asked, the defendant stated that he wanted a jury trial. During a status conference the day before trial, it was discovered that a written request for a jury trial had not been filed; over objection, the court put on the docket that the case would be tried to the bench. The defendant, then pro se, filed a written jury demand the day of trial which was denied. *Id.* at ¶ 21.

**{¶ 13}** Reversing the denial of the defendant's jury trial request, the appellate court noted:

> While Crim.R. 23 requires a written jury demand in petty offense cases, here the trial court put on an order stating the matter was to be set for jury trial. The trial court then sent two notices to this effect. Appellant had the right to rely on the trial court's order. Further, the order was put on in response to appellant's oral representation at the August 19, 2002 pretrial that he wanted a jury trial. The trial court acknowledged this and stated, "All right, you'll have your jury trial." Thus, we conclude the trial court erred and denied appellant his right to a jury trial under the facts of this case. By so holding, we do not imply that an oral demand is sufficient

7.

under Crim.R. 23. We merely hold that a trial court is bound by its own order stating a matter will be set for jury trial, absent a proper waiver by the defendant. Here, there was no such waiver. *Id.* at ¶ 32.

*Accord*, *State v. Diroll*, 11th Dist. Portage No. 2006-P-0110, 2007-Ohio-6930; *State v. Long*, 4th Dist. Ross No. 1184, 1986 Ohio App. LEXIS 7673 (June 11, 1986) (Grey, J, dissenting). *But see State v. Collier*, 2d Dist. Clark Nos. 2006 CA 102, 2006 CA 104, 2007 Ohio-6349, ¶ 14-46 (although the court, sua sponte, set the case for a jury trial the court distinguished *Palo, supra*, noting that the defendant repeatedly and adamantly expressed that he did not want a jury trial).

{¶ 14} In the present case, the record reveals that the matter was initially set for a jury trial at the April 5, 2016 pretrial. The order was journalized on April 7, 2016 and stated:

> This matter has been set for a jury trial on May 25, 2016 at 8:30 a.m. in the Vermilion Municipal Court. A final pretrial will be held on this matter on May 17, 2016 at 3:00 p.m. Counsel should file proposed jury instruction no later than the date of the final pretrial and all pretrial motions must be filed in accordance with the time frames contained in Ohio Criminal Rule 12. No plea bargain agreement shall be accepted after the final pretrial, except where the interests of justice require otherwise.

8.

The Clerk is hereby ordered to pull 50 names from the jury wheel and issue summons to be served. Costs assessed.

{¶ 15} On the same date, the court filed a scheduling order for discovery, jury instructions, witness lists, etc., which also referenced the May 25, 2016 jury trial. On May 6, 2016, the court filed an order instructing the clerk of courts to pull 20 additional names from the jury wheel.

{¶ 16} Appellant filed her written motion for a jury trial on May 18, 2016. The next day, the state filed its proposed jury instructions as well as a motion in limine requesting that appellant's counsel be prohibited from referencing the grand jury proceedings in the presence of the jury. On the same date and at the same time, the state filed an objection to appellant's request for a jury trial arguing that it was filed less than ten days before the trial date in contravention of Crim.R. 23(A). On May 19, 2016, the trial court found the objection well-taken; the case was then tried to the court.

{¶ 17} Reviewing the proceedings below, it is clear that appellant's counsel failed to file her request for a jury trial within the ten-day window. We believe that the best practice would have been insisting on a written request for a jury trial prior to the court scheduling the case as such. Thus, because the court set the matter for a jury trial and the parties relied upon and prepared the matter for a jury trial, the state was not prejudiced by the untimely filing of appellant's Crim.R. 23(A) motion. Accordingly, the court abused its discretion when it denied appellant's motion for a new trial on this basis. Appellant's fourth assignment of error is well-taken.

9.

**{¶ 18}** Based on our disposition of appellant's fourth assignment of error, we find that appellant's first, second, and third assignments of error are moot and not well-taken.

**{¶ 19}** On consideration whereof, we find that appellant was prejudiced or prevented from having a fair proceeding and the judgment of the Vermilion Municipal Court is reversed and the matter is remanded for a jury trial. Pursuant to App.R. 24, appellee is ordered to pay the costs of this appeal.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

Christine E. Mayle, J.
CONCUR.

_____
JUDGE