[Cite as *State v. Oliver*, 2026-Ohio-803.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                             Court of Appeals No. L-24-1247

      Appellee

                                     Trial Court No. CRB02400511

v.

Nancy Oliver                                             **DECISION AND JUDGMENT**

      Appellant                                         Decided: March 10, 2026

* * * * *

 Heather Pentycofe, Sylvania Prosecutor, and
Samuel Z. Kaplan, Sylvania Assistant Prosecuting Attorney, for appellee.

Henry Schaefer, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1}   Appellant, Nancy Oliver, appeals the March 4, 2025 judgment of the Sylvania Municipal Court sentencing her following a bench trial.  Because the City concedes error under 6th Dist.Loc.App.R. 16.2(E), and we agree that the trial court erred, we reverse and remand for a new trial.

{¶ 2}   Oliver was charged in two separate cases with one count each of violating a protection order in violation of R.C. 2919.27(A)(1).  She was found not guilty in one

case, so that case is not before us on appeal. In the other case, case No. CRB2400511, Oliver filed a written demand for a jury trial on June 24, 2024. The docket shows that a jury trial was scheduled for July 23, 2024. When Oliver's case eventually went to trial on September 6, 2024, it was tried to the court. Although Oliver demanded a jury, the record does not contain a signed, written waiver of her right to a jury trial.

{¶ 3} Following the trial, the trial court found Oliver guilty and sentenced her to 180 days in jail, with 115 days suspended, two years of probation, a fine and court costs, and a no-contact order with the victim.

{¶ 4} Oliver now appeals, raising one assignment of error:

I. THE TRIAL COURT ERRED IN PROCEEDING TO A BENCH TRIAL WITHOUT A WRITTEN WAIVER OF MS. OLIVER'S RIGHT TO A JURY TRIAL AFTER A TIMELY JURY DEMAND HAD BEEN FILED.

{¶ 5} After Oliver filed her brief, the City filed a notice of conceded error. It contends that we should find Oliver's assignment of error well-taken and remand the case for retrial.

{¶ 6} Article I, § 10 of the Ohio Constitution and R.C. 2945.17 afford criminal defendants the right to a trial by jury except in the case of a minor misdemeanor or a violation for which there is no potential for a prison or jail term and the possible fine does not exceed $1,000. For "petty offenses," such as the offense at issue here, *see* Crim.R. 2(C) and (D), Crim.R. 23(A) provides that trial shall be by the court unless the defendant

2.

files a written demand for a jury trial ten days before trial or three days after receiving notice of the trial date, whichever is later. A defendant's failure to comply with Crim.R. 23(A) constitutes a waiver of a jury trial. *State v. Palacios*, 2017-Ohio-8674, ¶ 11 (6th Dist.).

{¶ 7} Once a defendant in a petty offense case files a jury demand as outlined in Crim.R. 23(A), "it must appear of record that such defendant waived this right in writing in the manner provided by R.C. 2945.05, in order for the trial court to have jurisdiction to try the defendant without a jury." *State v. Tate*, 59 Ohio St.2d 50 (1979), syllabus. R.C. 2945.05 provides that

> [i]n all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: "I _____, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury."
>
> Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.

Thus, for a defendant's jury waiver to be valid, "[i]t must be (1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court." *State v. Lomax*, 2007-Ohio-4277, ¶ 9. "Absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury." *State v. Pless*, 74 Ohio St.3d 333 (1996), paragraph one of the syllabus.

3.

**{¶ 8}** Here, there is no evidence in the record that Oliver waived her right to a jury trial after properly demanding one. That is, there is no written waiver that was signed by Oliver, made in open court, filed, and made part of the record. Because that is the case, the trial court lacked jurisdiction to try Oliver without a jury. *Pless* at paragraph one of the syllabus. Therefore, we find that Oliver's assignment of error is well-taken.

**{¶ 9}** Because the trial court failed to obtain a valid, written jury waiver from Oliver before trying her case to the bench, the March 4, 2025 judgment of the Sylvania Municipal Court is reversed, and the case is remanded for a new trial. The City is ordered to pay the costs of this appeal under App.R. 24.

Judgment reversed, and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

| | |
|---|---|
| Christine E. Mayle, J | |
| | JUDGE |
| Myron C. Duhart, J | |
| | JUDGE |
| Charles E. Sulek, J | |
| CONCUR. | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

4.